## GOULED v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. February 10, 1920.)

No. 142.

Courts ⊛384—Question whether use of evidence secured by surreptitious seizure violated Constitution certified.

Questions whether the surreptitious seizures of papers and documents, of evidential value only, from the premises of one suspected of crime, and their use as evidence against him, are in violation of the Fourth and Fifth Amendments to the Constitution, certified to the Supreme Court, under Judicial Code, § 239 (Comp. St. § 1216).

In Error to the District Court of the United States for the Southern District of New York.

Criminal prosecution by the United States against Felix Gouled. Judgment of conviction, and defendant brings error. Questions certified to Supreme Court.

See, also, 253 Fed. 239, 242, 770.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

This cause came here on a writ of error to a judgment of conviction entered in the District Court for the Southern District of New York. On the hearing in this court certain questions of law arose, concerning which this court desires the instruction of the Supreme Court in order properly to decide the cause.

Statement of Fact.

The material facts revealed by the bill of exceptions and exhibits are as follows:

On July 30, 1918, the grand jury for the Southern district of New York, by indictment duly charged plaintiff in error, together with one Vaughan and one Podell: (1) With a conspiracy to defraud the United States, in violation of section 37, C. C. (Comp. St. § 10201); (2) with having devised a scheme or artifice to defraud and used the United States post office establishment for the purpose of executing the same, in violation of section 215, C. C. (Comp. St. § 10385).

In January, 1918, certain officers of the army of the United States attached to the "Intelligence Department" suspected at least Gouled and Vaughan (the latter being an officer of said army) in respect of the honesty and integrity of their relations to each other concerning contracts for clothing or equipment with the United States. At the same time one Cohen, who was a business acquaintance of Gouled, was a private in said army and also attached to said "Intelligence Department."

By the direction of the aforesaid officers, Cohen went to Gouled's office during the latter's absence, and under pretense of a friendly call, gained access to papers in said office and secretly possessed himself of several documents, which he delivered to his said superior officers. One of these papers was by them subsequently turned over to the

United States attorney for the said judicial district. Gouled did not know what Cohen had done until the latter appeared as a witness against him and on the witness stand detailed the circumstances.

On June 17, 1918, an agent of the Department of Justice made affidavit before a United States commissioner that there was in Gouled's office in New York City "certain property, to wit, certain contracts of the said Felix Gouled with S. Lavinsky," which contracts, continued the affidavit—

"were used as the means of committing a felony, to wit, a violation of section 39, C. C. (Comp. St. § 10203), in that the said Felix Gouled did use the said contracts as means for the bribery of a certain officer of the United States."

On this affidavit a search warrant, which was lost before trial and is not before this court, was issued by said commissioner under authority of title 11 of the Act of June 15, 1917 (40 Stat. 228 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 10496¼a–10496¼v]). By virtue of said warrant an unexecuted written agreement between Lavinsky and Gouled was seized and delivered to said United States attorney. Gouled has never been indicted for any offense covered by section 39, C. C.

On July 22, 1918, another agent of the Department of Justice made affidavit before the said commissioner that Gouled had at his said office "certain letters, papers, documents, and writings which * * * relate to, concern, and have been used in the commission of a felony, to wit, a conspiracy to defraud the United States." Upon said affidavit, and by virtue of said Act of June 15, 1917, said commissioner issued a search warrant directing the seizing and securing of "the letters, papers, documents, and writings" described in the last-mentioned affidavit.

Under this warrant there were seized an unknown number of papers, but especially two, together with the envelope containing one of them, viz.: (1) A written and signed contract between Gouled and one Steinthal; and (2) a bill for disbursements and professional services rendered to Gouled by the defendant Podell, who is an attorney at law. These documents were likewise delivered to said United States attorney.

All the paper writings so as aforesaid taken by virtue of said search warrants, or either of them, belonged to Gouled and were seized in his office, but none of them bore his signature except the Steinthal contract, and none had any pecuniary value except as so much paper stock; but all constituted evidence more or less injurious to Gouled, when charged under the indictment subsequently found on July 30th.

After indictment found, and before trial, motion was made by Gouled to compel said United States attorney to return to him "all papers seized and taken from" his office on "the 17th of June and 22d of July, respectively, together with all memoranda, extracts taken therefrom, and copies, photographic or otherwise, made therefrom." This motion so far as the papers hereinabove enumerated and described are concerned, was denied. The action of the District Court in denying said motion so made before trial is not assigned for error before us.

Subsequently, and in October, 1918, the indictment came on for trial before a judge other than the one who had entertained and denied the motion to return papers seized under said search warrants. At said trial, and before any evidence was introduced, Gouled renewed the motion, once denied, and again (and on the same papers) demanded the return of all papers and documents seized under said search warrants or either of them. The trial judge followed the ruling previously made by his colleague, and denied the motion, to which exception was duly taken.

The prosecuting attorney then offered in evidence against Gouled the paper writing so as aforesaid abstracted by Cohen from Gouled's office. Objection was made, in that such action violated rights secured to Gouled by the Fourth and Fifth Amendments to the Constitution of the United States. Objection was overruled, and exception duly taken.

The prosecuting attorney did not offer in evidence the Steinthal contract taken from Gouled's office under the search warrant of July 22d, but he did offer in evidence against Gouled the duplicate original thereof obtained from the other party thereto, viz. Steinthal. The introduction of this document was objected to because the seized original having been in the possession of the prosecutor, such possession must have suggested the existence of a counterpart; therefore the use of Steinthal's original as evidence against Gouled was also in violation of the rights secured to him by said Fourth and Fifth Amendments. Objection was overruled, and exception duly taken.

The prosecuting attorney also similarly offered in evidence the unsigned Lavinsky contract (seized under the search warrant of June 17th) and the Podell bill, with its envelope (seized under the search warrant of July 22d). Gouled objected to the admission of all these documents because they had been obtained and were being used in violation of rights secured to him by said Fourth and Fifth Amendments. Objection was overruled, and exception duly taken.

At trial Vaughan pleaded guilty; the jury acquitted Podell and convicted Gouled, whereupon Gouled brought this writ of error, and the cause is now pending in this court.

### Questions Certified.

First. Is the secret taking or abstraction without force by a representative of any branch or subdivision of the government of the United States of a paper writing, of evidential value only, belonging to one suspected of crime, and from the house or office of such person, a violation of the Fourth Amendment?

Second. Is the admission of such paper writing in evidence against the same person, when indicted for crime, a violation of the Fifth Amendment?

Third. Are papers of no pecuniary value, but possessing evidential value against persons presently suspected and subsequently indicted under sections 37 and 215, C. C., when taken under search warrants issued pursuant to Act of June 15, 1917, from the house or office of

the person so suspected, seized and taken in violation of the Fourth Amendment?

Fourth. If such papers so taken are admitted in evidence against the person from whose house or office they were taken, such person being then on trial for the crime of which he was accused in the affidavit for warrant, is such admission in evidence a violation of the Fifth Amendment?

Fifth. If in the affidavit for search warrant under Act of June 15, 1917, the party whose premises are to be searched be charged with one crime, and property be taken under the warrant issued thereon, can such property so seized be introduced in evidence against said party when on trial for a different offense?

Sixth. If papers of evidential value only be seized under a search warrant and the party from whose house or office they are taken be indicted, if he then move before trial for the return of said papers, and said motion is denied, is the court at trial bound in law to inquire as to the origin of or method of procuring said papers, when they are offered in evidence against the party so indicted?

In accordance with the provisions of section 239, Judicial Code (Comp. St. § 1216), the foregoing questions of law are by the Circuit Court of Appeals of the United States for the Second Circuit hereby certified to the Supreme Court.

H. G. WARD.
HENRY WADE ROGERS.
CHARLES M. HOUGH.