## UNITED STATES v. JOHNSTONE.

(First Division.   Ketchikan.   November 23, 1920.)

No. 643–KB.

1. Searches and Seizures ⊙⇒7—Intoxicating Liquor—Constitutional Law —Municipal Officers.

> Section 27 of the act of Congress to prohibit the manufacture or sale of alcoholic liquors in Alaska, approved February 14, 1917, known as the Alaska Bone Dry Law (U. S. Comp. St. 1918, U. S. Comp. St. Ann. Supp. 1919, § 3643o), provides that certain territorial and municipal officers shall aid in the enforcement of that act. *Held*, the mayor, members of city council, and the city marshals of incorporated towns in Alaska are thereby created federal officers for the purposes named therein when attempting to enforce that act, and therefore the Fourth Amendment to the Constitution would apply to any search or seizure made by them.

2. Intoxicating Liquors ⊙⇒249—Searches and Seizures—Municipal Corporations.

> The search warrant under which the mayor and town marshal of Ketchikan acted, as appeared by the undenied petition, was an alleged search warrant issued by the municipal magistrate of the city of Ketchikan. The municipal magistrate had no power to issue a search warrant. The city council of Ketchikan had no power to pass an ordinance authorizing him to issue a search warrant.

3. Intoxicating Liquors ⊙⇒249—Municipal Corporations.

> The only power the city of Ketchikan, Alaska, is given as to intoxicating liquors is the power to pass an ordinance for the prevention of drunkenness. It would have no power to pass an ordinance making the mere possession of intoxicating liquor an offense, and certainly no power to pass an ordinance authorizing any one to issue a search warrant for anything.

4. Criminal Law ⊙⇒394—Evidence—Illegal Search Warrants.

> Where the mayor and other town officers acted under a search warrant issued by the town magistrate, authorized only

⊙⇒See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

by town ordinance, and seized liquor and other evidence of violation of the Alaska Prohibition Act, *held*, the warrant was void, and there being no other evidence of any knowledge of crime, except that seized or acquired thereby, the evidence was suppressed and the case dismissed.

In this case there was a petition filed praying that the liquor seized be destroyed and that the officers be restrained from giving any testimony of facts ascertained by virtue of the search warrant. I held that the application for the destruction of the liquor seized was not well taken for the reason that there is no property in liquor and that it was a matter of no consequence to the defendant what became of the liquor seized.

As to the remainder of the prayer, I held that the point could just as well be raised during the trial, as the application was timely, and no rights of the defendant could be prejudiced. Thereupon the case was set for trial.

The trial coming on and the jury having been chosen, the district attorney made his opening statement in which he set forth that he expected to prove the finding of liquor on the premises of the defendant and the seizing thereof, under and by virtue of a search warrant. I then informed the district attorney that, as the petition was undenied, I would permit no evidence of any acts of the officers under the alleged search warrant, but that, if he could produce any evidence of the illegal possession of liquor which was not gained by and through such illegal search, he was, of course, at liberty to do so. Whereupon the district attorney stated that he could produce other such evidence. The case then proceeded. Whereupon the district attorney attempted, but failed, to produce any other such evidence. Counsel for the defendant then moved to strike out such evidence as had been introduced under the futile attempt of the district attorney. I sustained said motion, and, the district attorney then announcing that he had no other evidence, I instructed the jury to return a verdict of not guilty.

James A. Smiser, U. S. Atty.

Charles H. Cosgrove, of Ketchikan, for defendant.

JENNINGS, District Judge. The reasons for my position were as follows: The Alaska Bone Dry Law (U. S. Comp. St.

1918, U. S. Comp. St. Ann. Supp. 1919, §§ 3643b–3643r) expressly provides that it shall be the duty of the Governor of Alaska, the United States marshals and their deputies, mayors and members of town councils, town marshals, and police officers of all incorporated towns in Alaska, all federal game wardens, agents of the Bureau of Fisheries, etc., prosecuting attorneys and their deputies, and all other federal and territorial executive officers, to enforce the provisions of said act. I considered that that section makes the mayor and city council and city marshal federal officers for the purposes named therein when attempting to enforce the act, and therefore the Fourth Amendment to the Constitution would apply to any search or seizure made by them. In so holding I relied upon the case of United States v. Welsh (D. C.) reported in 247 Fed. 240.

In that case Martin, a customs house guard, requested a man by the name of McGinnis, who, it seems, was a private detective, to keep watch for him in a certain matter. This detective made an illegal search and seizure. The government disclaimed liability on the ground that the private detective was not a federal official, but the court held that insomuch as the customs house guard, who was a federal official, had asked the detective to act for him while he was temporarily absent, the detective must be regarded as a government official pro hac vice, and the government could not evade responsibility for his acts.

In this case the act of Congress itself expressly invested the mayor and town marshal with the character of federal officials pro hac vice.

The search warrant under which the mayor and the town marshal acted, as appeared by the undenied petition, was an alleged search warrant issued by the municipal magistrate of the city of Ketchikan. The municipal magistrate had no power to issue a search warrant. The city council of Ketchikan had no power to pass an ordinance authorizing him to issue a search warrant. The only power that the city of Ketchikan is given as to intoxicating liquors is the power simply to pass an ordinance for the prevention of drunkenness. It would have no power to pass an ordinance making the mere possession of intoxicating liquors an offense, and certainly no power to pass an ordinance authorizing any one to issue a search warrant

for anything. The mayor and town marshal, therefore, acted entirely without a search warrant, and, that being the case, the petition being undenied, and there being no evidence of any knowledge acquired otherwise than by and through the search warrant, I directed the dismissal. In this I relied largely upon Silverthorne Lumber Co. v. U. S., 251 U. S. 392, 40 Sup. Ct. 182, 64 L. Ed. 319, where the court said that the absence of a provision forbidding the acquisition of evidence in a certain way is that not merely evidence so acquired shall not be used before the court, but that it shall not be used at all. If knowledge of the facts is gained from an independent source, they may be proved like any others, but the knowledge gained by the government's own wrong cannot be used by it in the way proposed. See, also, Weeks v. U. S., 232 U. S. 383, 34 Sup. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177; Flagg v. U. S., 233 Fed. 481, 147 C. C. A. 367.

While I entertain no doubt in my own mind of the position taken by me, to wit, that the search warrant was illegal and that no evidence obtained by virtue thereof could be admitted, I was strengthened in my opinion by the fact that the Circuit Court of Appeals for the Second Circuit, in the case of Gouled v. U. S. (C. C. A.) 264 Fed. 839, seemed so much in doubt upon a similar proposition that it certified to the Supreme Court of the United States to be answered by it and for the instruction of the said Circuit Court of Appeals, certain questions similar to the one involved in this case. 255 U. S. 298, 41 Sup. Ct. 261, 65 L. Ed. 647. I thought that if the Circuit Court of Appeals was unable to arrive at a conclusion without the opinion of the Supreme Court of the United States directly on the point, I, who had to decide the matter offhand and had no power to certify questions to the Supreme Court, was authorized to act upon my own judgment.