### UNITED STATES v. MURPHY.

(District Court, E. D. New York. April 2, 1920.)

1. **Intoxicating liquors** ⬥17—**National prohibition of possession of liquor constitutional.**

The provision of Volstead Act Oct. 28, 1919, title 2, § 3, making it unlawful to have possession of intoxicating liquor, except as authorized by the act, *held* constitutional.

2. **Searches and seizures** ⬥7—**Search of arrested person constitutional; "unreasonable search."**

A search of the person of one arrested for an offense by the arresting officer is not an "unreasonable" search, within the meaning of Const. U. S. Amend. 4.

3. **Criminal law** ⬥395—**Liquor seized from person arrested admissible in prosecution for different offense.**

Bottles of whisky seized from the person of one arrested for intoxication *held* not obtained by unreasonable search, and hence admissible in evidence against him, in a prosecution for having liquor in his possession in violation of the Prohibition Act.

Application by the United States for leave to file information against Frank Murphy. Granted.

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Leroy W. Ross, U. S. Atty., and John T. Eno, Asst. U. S. Atty., both of Brooklyn, N. Y.

Henry P. Keith and Thomas J. Cuff, both of New York City (Louis J. Castellano, of Brooklyn, N. Y., on the brief), for defendant.

GARVIN, District Judge. The government applies for leave of court to file an information against the above-named defendant, charging him with a violation of title 2, section 3, Act Oct. 28, 1919 (41 Stat. 308), known as the National Prohibition Law, or Volstead Act. This section provides as follows:

"No person shall, on or after the date when the Eighteenth Amendment to the Constitution of the United States goes into effect, manufacture, sell, barter, transport, import, export, deliver, furnish or possess any intoxicating liquor except as authorized in this act, and all the provisions of this act shall be liberally construed to the end that the use of intoxicating liquor as a beverage may be prevented.

"Liquor for nonbeverage purposes and wine for sacramental purposes may be manufactured, purchased, sold, bartered, transported, imported, exported, delivered, furnished and possessed, but only as herein provided, and the commissioner may,' upon application. issue permits therefor: Provided, that nothing in this act shall prohibit the purchase and sale of warehouse receipts covering distilled spirits on deposit in government bonded warehouses, and no special tax liability shall attach to the business of purchasing and selling such warehouse receipts."

The violation alleged is the possession of intoxicating liquor, to wit, whisky, containing one-half of 1 per centum of alcohol or more by volume. The defendant objects and asserts that the prohibition against possession contained in section 3, supra, is in conflict with the Eighteenth Amendment to the Constitution of the United States. This amendment, so far as applicable, provides:

"Section 1. After one year from the ratification of this article the manufacture, sale, or transportation of intoxicating liquors within, the importation thereof into, or the exportation thereof from the United States and all territory subject to the jurisdiction thereof for beverage purposes is hereby prohibited."

[1] Defendant insists that nothing therein contained can be taken to indicate that the mere possession of intoxicating liquor is prohibited, and that Congress had no power to extend the operation of the amendment, and therefore could not declare any act to be a crime which was not forbidden by the amendment itself. If this is correct, it follows that, to the extent that section 3, title 2, of the National Prohibition Law declares the possession of intoxicating liquor to be a crime, it is not within the constitutional authority of Congress.

But this is on the assumption that the Volstead Act is not a war measure. Title 1 of the act is entitled, "To provide for the enforcement of war prohibition," and the statute itself begins:

"The term 'War Prohibition Act' used in this act shall mean the provisions of any act or acts prohibiting the sale and manufacture of intoxicating liquors until the conclusion of the present war and thereafter until the termination of demobilization, the date of which shall be determined and proclaimed by the President of the United States."

The Supreme Court treats it as a war measure, amendatory of the War-Time Prohibition Act (40 Stat. 1045, c. 212). Ruppert v. Caffey, 251 U. S. 264, 40 Sup. Ct. 141, 64 L. Ed. ——, decided January 5, 1920. Congress has obviously intended to prevent the use of intoxicating liquor as a beverage, and the provisions of the Volstead Act, forbidding any person to manufacture, sell, barter, transport, import, export, deliver, furnish, or possess any intoxicating liquor, except as authorized in this act, are consistent with an endeavor to make that intent effective.

While there seems no escape from the conclusion that the Volstead Act is valid as a war measure, even if it should be held to be merely an act to enforce the Eighteenth Amendment, it does not follow that the provision of section 3, against possession is unconstitutional. The amendment in question was adopted in order that the use of intoxicating liquor as a beverage might come to an end. It was within the power of Congress to adopt any reasonable means calculated to bring about the desired result. Limiting possession as the act has done will tend to such an effect.

"When a state exerting its recognized authority undertakes to suppress what it is free to regard as a public evil, it may adopt such measures having reasonable relation to that end as it may deem necessary in order to make its action effective. It does not follow that, because a transaction separately considered is innocuous, it may not be included in a prohibition the scope of which is regarded as essential in the legislative judgment to accomplish a purpose within the admitted power of the government." Purity Extract Co. v. Lynch, 226 U. S. 192, at page 201, 33 Sup. Ct. 44, at page 46 (57 L. Ed. 184).

The difficulty, if not the actual impossibility, of preventing general traffic in intoxicating liquors, unless the possession thereof is confined to the home of the individual, as title 2, section 33, of the act permits, is so apparent as to need no comment, and Congress cannot be held to have exceeded its power as is contended.

There is, however, another question of great importance here involved. The affidavits upon which the application is based show that the defendant was arrested for intoxication, upon which charge he was subsequently convicted, by a plea of guilty, and that, when he was searched at the police station, five one-ounce flasks of whisky were found on his person, which whisky is now a necessary element in the government's case. The defendant claims the protection of the Fourth Amendment to the Constitution of the United States, which reads:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

It was entirely proper to examine thoroughly the person and effects of a man in an intoxicated condition, who was under arrest therefor.

[2] The right of an arresting officer to search a defendant under ordinary circumstances, when the defendant is under arrest, charged with a violation of law, cannot be questioned. Wharton, Crim. Proc. (10th Ed.) 97, 98; Corpus Juris, "Arrest," par. 74; Weeks v. U. S.,

232 U. S. 383, 392, 34 Sup. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177.

[3] This applies with peculiar force to the case of a man arrested for intoxication, who might have in his possession dangerous weapons with which he might do incalculable harm, either to himself or to others. The court is of the opinion that evidence of the character here involved, obtained in this manner, which is a part of the proof of the commission of a crime, and the possession of which is necessarily involved in the prohibited act itself, has not been obtained by "unreasonable" search. The Weeks Case, supra, refers at page 392 of 232 U. S., at page 344 of 34 Sup. Ct. (58 L. Ed. 652, L. R. A. 1915B, 384, Ann. Cas. 1915C, 1177), to—

"the right on the part of the government, always recognized under English and American law, to search the person of the accused when legally arrested to discover and seize the fruits or evidences of crime. This right has been uniformly maintained in many cases."

The Weeks Case refers also to burglar's tools or other proofs of guilt, found upon defendant's arrest within the control of the accused, as not exempt from seizure. In the case at bar the evidence seized is in the same class as burglar's tools, and, although the evidence is for use in a prosecution upon a charge other than that upon which the defendant was arrested, there seems to be no reason for permitting its use in the one case and disallowing it in the other. This proposition is involved in one of the questions just certified to the Supreme Court by the Circuit Court of Appeals for the Second Circuit in the case of Gouled v. United States, 264 Fed. 839, —— C. C. A. ——.

The application for leave to file the information is granted.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes