## WOODS v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. June 18, 1923. Rehearing Denied August 6, 1923.)

No. 3991.

1. **Criminal law** ☞878(4)—**Acquittal of druggist on charge of unlawful possession is not inconsistent with conviction for unlawful sale.**

An acquittal of a druggist on counts of an indictment charging unlawful possession and maintenance of a nuisance is not inconsistent with a conviction for unlawful sale of intoxicating liquors under another count, since a druggist may lawfully have possession of alcohol for sale under United States authority and be guilty of selling that liquor unlawfully.

2. **Intoxicating liquors** ☞236(11)—**Evidence held to sustain conviction for unlawful sale by druggist.**

Evidence that the man to whom a sale of intoxicating liquors was made had no bottles of liquor on his person when he went into defendant's drug store, that at the store defendant handed two bottles to the man, who gave defendant what seemed to be money, and that the officer then entered the store and took from the man two bottles of alcohol, and took from the counter the marked money which had previously been given to the man, *held* sufficient to sustain a conviction for unlawful sale.

On Petition for Rehearing.

3. **Criminal law** ☞1128(2)—**District Judge's opinion cannot be resorted to as substitute for instructions.**

In absence of instructions themselves from the record, District Judge's opinion could not be resorted to by the Circuit Court of Appeals as substitute for the instructions, and they should not have been quoted in the brief.

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

James H. Woods was convicted of unlawfully selling intoxicating liquor, and he brings error. Affirmed.

John F. Dore, of Seattle, Wash., for plaintiff in error.

Thos. P. Revelle, U. S. Atty., and De Wolfe Emory, Sp. Asst. U. S. Atty., both of Seattle, Wash.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge. Under an information containing four counts, Woods, plaintiff in error, was convicted under count 3. Count 1 charged unlawful possession of certain intoxicating liquor, to wit, 24 ounces called distilled spirits, and one quart of whisky intended for use in violating the National Prohibition Act (41 Stat. 305); count 2 charged that, upon the same day named in count 1, Woods unlaw-

fully sold 8 ounces of distilled spirits; count 3 charged that upon the same day Woods unlawfully sold 16 ounces of liquor called distilled spirits; and count 4 charged Woods with conducting and maintaining a common nuisance, a drug store where intoxicating liquor was kept in violation of the National Prohibition Act. There was acquittal under counts 1, 2, and 4, and conviction under count 3.

[1] The main point urged is that one cannot be guilty of selling liquor and be innocent of possessing the identical liquor with the intention of selling the same. That depends upon the facts. Defendant is a druggist, and admitted having the alcohol in his possession, but contended that the sale was lawful. Of course, as a druggist defendant might lawfully have possession of the quantity of alcohol described in count 1, and might lawfully have sold alcohol in his possession. The court recognized this, and charged the jury that defendant as a dealer had a right to sell medicated alcohol in accordance with formulas listed in the rules and regulations of the United States authorities, and further called the attention of the jury to the testimony of the defendant that he had sold under formula No. 1, which includes bichloride of mercury 1 part, and alcohol 2,000 parts. A druggist may obtain a permit to possess and use alcohol and sell the same in medicated forms in limited quantities, and yet may violate the law in selling what lawfully came into his possession. There is, therefore, no necessary inconsistency in the verdict.

[2] The verdict is supported by testimony to the effect that the man to whom the sale was made had no bottles or liquor upon his person when he went into defendant's drug store; that in the store defendant passed two bottles to the man, who passed to the defendant what seemed to be money; that the officers then entered the store, and that one of them took two eight-ounce bottles of alcohol from the man; that the marked money, which had been previously furnished the purchaser, was on the counter; and that the purchaser said the defendant had put the money there. Whether the testimony of the witness for the prosecution was credible was for the jury.

We find no error and affirm the judgment.

## On Petition for Rehearing.

PER CURIAM. [3] In a petition for rehearing plaintiff in error points out that in the opinion handed down we referred to certain instructions given by the court to the jury, and says that an examination of the transcript will show there are no instructions in it. The references we made to the instructions were based upon statements of instructions given contained in the opinion of the District Judge, which is incorporated in the record, and upon an instruction quoted verbatim in the brief of the defendant in error as having been given by the court to the jury. However, in the absence of the instructions themselves as a part of the record in the case, we concede that the opinion of the District Judge cannot be resorted to by this court as a substitute for the instructions, and the brief of defendant in error should not have contained the instruction quoted.

We have therefore attentively re-examined the whole case upon a

record which does not include the instructions given to the jury, but we find no ground for disturbing the conclusion announced.

The petition for rehearing is denied.