## AHEARN et al. v. UNITED STATES.*

(Circuit Court of Appeals, Ninth Circuit. February 2, 1925. Rehearing Denied March 9, 1925.)

No. 4328.

1. **Intoxicating liquors ⬅️236(11)—Evidence held sufficient to prove sale, notwithstanding failure to prove payment of purchase price.**

In prosecution for sale of liquor in violation of National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), evidence that the parties had fully agreed on all the terms of the sale, the quantity of liquor to be sold, the purchase price, and the time and place of delivery, and that the liquor was in fact delivered, and that nothing remained to be done but the payment of the purchase price, held sufficient to sustain conviction.

2. **Criminal law ⬅️510—Corroboration of testimony of co-conspirators not necessary.**

Even though prohibition officers to whom defendants sold liquor were co-conspirators, corroboration of their testimony was not necessary to warrant conviction.

In Error to the District Court of the United States for the Southern Division of the Northern District of California; Benjamin F. Bledsoe, Judge.

D. J. Ahearn and W. J. Ahearn were convicted of violating the National Prohibition Act, and they bring error. Affirmed.

B. V. Sargent and James F. Brennan, both of San Francisco, Cal., for plaintiffs in error.

Sterling Carr, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. This is a writ of error to review a judgment of conviction under the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). The information names two defendants and contains three counts. The first count charges the sale of one gallon of whisky; the second count, the sale of 15 gallons of whisky; and the third count, the transportation of 15 gallons of whisky—all on the 8th day of November, 1922.

The plaintiff in error D. J. Ahearn entered a plea of guilty as to counts 1 and 3, and not guilty as to count 2. The plaintiff in error W. J. Ahearn entered a plea of not guilty as to all three counts. Upon the trial both defendants were found guilty as charged. The brief on the part of the plaintiffs in error contains no assignment of errors, but their contention seems to be that the

*Certiorari denied 45 S. Ct. 511, 69 L. Ed. —.

evidence was insufficient to prove the sale charged in the second count, or to connect the plaintiff in error W. J. Ahearn with either the sales or the transportation.

[1] These contentions are without substantial merit. As to the whisky mentioned in the second count, it clearly appears from the testimony that the parties had fully agreed upon all the terms of sale, the quantity to be sold, the purchase price, the time and place of delivery, and that delivery was in fact made. Nothing remained to be done but the payment of the purchase price, and for this an action would lie. Hammer v. United States, 249 F. 336, 161 C. C. A. 344; Reyff v. United States (C. C. A.) 2 F.(2d) 39, decided November 3, 1924.

[2] The testimony was also ample to show that the plaintiff in error W. J. Ahearn aided and abetted in the commission of the crimes charged. There seems to be a further contention that the prohibition officers to whom the sale was made were co-conspirators, and it is claimed that their uncorroborated testimony will not support a conviction. If we were to concede that they were co-conspirators, as claimed, which we do not, the conclusion would not follow. Caminetti v. United States, 242 U. S. 470, 495, 37 S. Ct. 192, 61 L. Ed. 442.

The judgment is affirmed.