## NUNN v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. March 2, 1925.)

No. 4419.

1. **Intoxicating liquors** ⟜211 — **Information charging unlawful possession of whisky held sufficient.**

An information charging that defendant unlawfully had a stated quantity of whisky in his possession *held* sufficient, under National Prohibition Act, tit. 2, §§ 3, 32, 33 (Comp. St. Ann. Supp. 1923, §§ 10138½aa, 10138½s. 10138½t); the burden of proving that his possession was lawful resting on defendant.

2. **Criminal law** ⟜394—**Legality of search and seizure by police officers will not be inquired into by federal court.**

Where the evidence on which a prosecution for violation of the Prohibition Act is based was procured through a search and seizure under a search warrant by police officers, there is no invasion of defendants' rights by federal authority, and the court will not inquire into the legality of the acts of the police.

In Error to the District Court of the United States for the District of Arizona; F. C. Jacobs, Judge.

Criminal prosecution by the United States against B. S. Nunn for possessing intoxicating liquor. Judgment of conviction, and defendant brings error. Affirmed.

F. L. Zimmerman and Zimmerman & Mulhern, all of Phœnix, Ariz., for plaintiff in error.

George T. Wilson, Asst. U. S. Atty., of Phœnix, Ariz.

Before ROSS, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge. Writ of error was sued out by defendant below to review a judgment of conviction under the following information: " * * * That one B. S. Nunn, on or about the 30th day of August, A. D. 1924, and within the said district of Arizona, did willfully and unlawfully have in his possession certain intoxicating liquor, to wit, approximately 75 gallons of whisky, which said intoxicating liquor was then and there fit for use for beverage purposes, he the said B. S. Nunn, then and there having no lawful permit to possess the said intoxicating liquor," contrary to the statutes, etc. The assignments present the question whether the information states a public offense.

[1] Section 3, title 2, National Prohibition Act (41 Stat. 1919, p. 308 [Comp. St. Ann. Supp. 1923, § 10138½aa]) provides: "No person shall on or after the date when the Eighteenth Amendment to the Constitution of the United States goes into effect, manufacture, sell, barter, transport, import, export, deliver, furnish or possess any intoxicating liquor except as authorized in this act. * * *"

Section 32, title 2 (Comp. St. Ann. Supp. 1923, § 10138½s), provides: " * * * It shall not be necessary in any affidavit, information, or indictment to give the name of the purchaser or to include any defensive negative averments, but it shall be sufficient to state that the act complained of was then and there prohibited and unlawful, but this provision shall not be construed to preclude the trial court from directing the furnishing the defendant a bill of particulars when it deems it proper to do so."

Section 33, title 2 (Comp. St. Ann. Supp. 1923, § 10138½t), provides: " * * * After February 1, 1920, the possession of liquors by any person not legally permitted under this title to possess liquor shall be prima facie evidence that such liquor is kept for the purpose of being sold, bartered, exchanged, given away, furnished, or otherwise disposed of in violation of the provisions of this title. * * * But it shall not be unlawful to possess liquors in one's private dwelling while the same is occupied and used by him as his dwelling only, and such liquor need not be reported, provided such liquors are for use only for the personal consumption of the owner thereof and his family residing in such dwelling and of his bona fide guests when entertained by him therein; and the burden of proof shall be upon the possessor in any action concerning the same to prove that such liquor was lawfully acquired, possessed, and used."

We think that the statement in the information is sufficient. It alleges that defendant unlawfully had in Arizona, within the jurisdiction of the court, in his possession, about 75 gallons of intoxicating liquor, whisky, fit for use for beverage purposes. This clearly charged possession contrary to the statute. Possession, if proved, was prima facie evidence that the liquor was kept in violation of law. Panzich v. United States (C. C. A.) 285 F. 871, certiorari denied 262 U. S. 749, 43 S. Ct. 524, 67 L. Ed. 1213. If defendant was one of the persons who had a legal right to possess the liquor, the burden was upon him to prove that such liquor was lawfully acquired and possessed. He offered no evidence, and the jury found him guilty. It was not necessary for the government to plead or prove any defensive negative averments, such, for instance, as that defendant had the liquor in his own private

dwelling, while the dwelling was occupied by him as his dwelling only, and that the liquor was for personal consumption, as defined in the statute. Section 33, supra.; Singleton v. United States (C. C. A.) 290 F. 130; Anderson v. United States (C. C. A.) 294 F. 593; Dukich v. United States (C. C. A.) 296 F. 691; Mason v. United States (C. C. A.) 1 F.(2d) 279; Massey v. United States (C. C. A.) 281 F. 293.

[2] Defendant also points out that the evidence introduced by the government showed that the liquor was found at defendant's private residence by local police officers. That is true, but it also appears that the police acted under a search warrant issued by a local authority, and that some time after the seized liquor was delivered by the police to a federal prohibition officer. However there is no evidence that federal agents were present at the time of the search or participated therein. Under such circumstances no invasion of defendant's rights by governmental authority is shown; nor will the federal court inquire into the legality of the acts of the police officers. Burdeau v. McDowell, 256 U. S. 465, 41 S. Ct. 574, 65 L. Ed. 1048, 13 A. L. R. 1159; Robinson v. United States (C. C. A.) 292 F. 683, certiorari denied, 264 U. S. 580, 44 S. Ct. 330, 68 L. Ed. 859; Hirata v. United States (C. C. A.) 290 F. 197; Timonen v. United States (C. C. A.) 286 F. 935. Riggs v. United States (C. C. A.) 299 F. 273.

The judgment is affirmed.