### GOLDEN v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. March 30, 1925.)

No. 6625.

1. **Criminal law** ⊚⇒395—**Erroneous date in officer's return held not to render liquor inadmissible in evidence.**

That officer executing search warrant and seizing liquor erroneously stated date of seizure in written affidavit and return did not render such liquor inadmissible in evidence.

2. **Criminal law** ⊚⇒478(1) — **Officers experienced in testing and smelling intoxicating liquors held qualified.**

In prosecution under National Prohibition Act, tit. 2, §§ 3, 25, 29 (Comp. St. Ann. Supp. 1923, §§ 10138½aa, 10138½m, 10138½p), enforcement officers *held* sufficiently qualified to testify to intoxicating character of liquor and that alcoholic content exceeded one-half of 1 per cent.

3. **Intoxicating liquors** ⊚⇒236(6½, 11)—**Evidence held to warrant conviction of possession and sale.**

Evidence *held* sufficient to warrant conviction of accused for unlawful sale and possession of intoxicating liquors in violation of National Prohibition Act.

In Error to the District Court of the United States for the District of Minnesota; John F. McGee, Judge.

John T. Golden was convicted of violation of the National Prohibition Act, and he brings error. Affirmed.

See, also, 1 F.(2d) 543.

Lundeen & Lundeen, of Minneapolis, Minn., for plaintiff in error.

Lafayette French, Jr., U. S. Atty., and George A. Heisey, Asst. U. S. Atty., both of St. Paul, Minn.

Before SANBORN, Circuit Judge, and TRIEBER and PHILLIPS, District Judges.

SANBORN, Circuit Judge. In this case the defendant below was tried and convicted of violation of National Prohibition Act, tit. 2, §§ 3, 25, 29 (sections 10138½aa, 10138½m, 10138½p, U. S. Compiled Statutes 1923), under two counts of an indictment, the first of which charged him with the unlawful possession of intoxicating liquors at 529 Washington Avenue South in Minneapolis, Minn., on March 30, 1923, and the second charged him with unlawfully selling such liquor at the same place on March 14, 1923. Counsel for the defendant below have submitted their case to this court on their brief wherein they insist upon and argue three propositions.

[1] The first is that it was error for the court to receive in evidence the liquor which the witnesses testified they found in the possession of the defendant at the time and place stated in the indictment, because the officer who found and seized the liquor in his affidavit and return to the search warrant, under which he took it, stated that he found and took it on the 30th day of March, A. D. 1922, when the fact was that he found and seized it on the 30th day of March, A. D. 1923. But the officer testified at the trial that he received and served the warrant and seized the liquor on March 30, 1923, and the evidence that he did so on that day is very conclusively shown by other witnesses. It was not his written affidavit and return to the search warrant, but the legality of the search warrant and his actual seizure and keeping of the liquor that qualified the latter for admission in evidence. The fact that he made a mistake in stating the date of his seizure in his written affidavit and return did not disqualify the liquor as evidence in this case, and there was no error in receiving it, nor in receiving the testimony of the officer and the other witnesses to the actual date of the seizure.

[2] The second proposition of counsel is that the court erred in receiving in evidence the testimony of the two witnesses, Tetzel and Sunde, that they purchased of the defendant at the time and place charged in the indictment moonshine whisky and that this whisky was intoxicating liquor contain-

ing more than one-half of 1 per cent. of alcohol in volume. But they testified that they purchased at the time and place charged in the indictment several drinks of moonshine whisky and paid 30 cents a drink for it; that they tasted and smelled it. Tetzel testified that he had been working as an under-cover man from October 17, 1922, to March 14, 1923, that during that time he drank and smelled moonshine whisky several hundred times, that he had drank it between 25 and 50 times, that on March 14, 1923, he was able to tell whether this liquor was moonshine whisky or not by tasting and smelling of it and whether it contained more than one-half of 1 per cent. of alcohol by volume and that it was white moonshine whisky, that it was intoxicating liquor, and that it contained more than one-half of 1 per cent. of alcohol by volume. The testimony of Sunde as to his qualifications to determine and testify as to the character of the liquor was of the same nature, and the conclusion is that these witnesses were well-qualified to testify to the name, the intoxicating character and the alcoholic quantity to the extent of one-half of 1 per cent. by volume of this liquor, and there was no error in receiving their testimony.

[3] The third contention of counsel is that the evidence of the identification of the defendant as the man who sold the whisky was not substantial and was insufficient to sustain the verdict against him. We have carefully examined the evidence on this subject, and, in our opinion, it is far from sustaining the position of counsel here taken. There was substantial evidence that the defendant was the man who had possession of the liquor seized, and that he was the man who sold the liquor the witnesses who testified for the government bought, and the question of his guilt or innocence was properly submitted to the jury.

Let the judgment below be affirmed.