## SCHOOLEY v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. April 3, 1925.)

No. 6701.

**1. Indictment and information ⟺114—Indictment alleging prior offenses parenthetically and by recital insufficient.**

An indictment for unlawful possession of intoxicating liquor, in violation of National Prohibition Act, tit. 2, §§ 3, 29 (Comp. St. Ann. Supp. 1923, §§ 10138½aa, 10138½p), *held* insufficient as to prior offenses sought to be pleaded, in that the first and second offenses were not directly and positively charged, but merely stated parenthetically and by recital.

**2. Indictment and information ⟺114—Allegation of plea of guilty insufficient to allege prior or "conviction" of similar offense.**

Indictment seeking to charge prior violation of National Prohibition Act, tit. 2, §§ 3, 29 (Comp. St. Ann. Supp. 1923, §§ 10138½aa, 10138½p), which alleges accused entered plea of guilty to similar charge, is wholly insufficient to allege conviction; a plea of guilty not being a "conviction," but conviction consisting of judgment on plea or verdict of guilty.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Convicted—Conviction.]

**3. Indictment and information ⟺114—Indictment held insufficient to charge previous conviction.**

Indictment for violation of National Prohibition Act, tit. 2, §§ 3, 29 (Comp. St. Ann. Supp. 1923, §§ 10138½aa, 10138½p), as felony because of successive offenses, *held* defective in not stating in what court former plea of guilty was entered, and in not stating facts as of record as to whether defendant was in fact found guilty and convicted of offense.

**4. Intoxicating liquors ⟺211—Indictment, insufficient to charge previous offense, held sufficient to charge unlawful possession of intoxicating liquor.**

Notwithstanding that indictment for violation of National Prohibition Act, tit. 2, §§ 3, 29 (Comp. St. Ann. Supp. 1923, §§ 10138½aa, 10138½p), was insufficient to charge previous convictions, warranting conviction of felony, punishable under Criminal Code, § 335 (Comp. St. § 10509), such indictment *held* sufficient to charge unlawful possession of intoxicating liquor, in violation of section 29.

## 5. Intoxicating liquors ⬤⟳222—Indictment for possession need not negative exceptions.

An indictment for unlawful possession of intoxicating liquor, in violation of National Prohibition Act, tit. 2, §§ 3, 29 (Comp. St. Ann. Supp. 1923, §§ 10138½aa, 10138½p), need not negative exceptions which might have made possession lawful.

Stone, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Western District of Arkansas.

Walter (Red) Schooley was convicted of the unlawful possession of intoxicating liquor under an indictment alleging prior offenses, and he brings error. Remanded for proper sentence.

Ben Cravens and Fadjo Cravens, both of Ft. Smith, Ark., for plaintiff in error.

S. S. Langley, U. S. Atty., and W. H. Dunblazier, Asst. U. S. Atty., both of Ft. Smith, Ark.

Before STONE and LEWIS, Circuit Judges, and SCOTT, District Judge.

LEWIS, Circuit Judge. By indictment it appears that the pleader had in mind to charge plaintiff in error with the commission of felonies (Criminal Code, § 335 [Comp. St. 10509]), in that he had unlawful possession of intoxicating liquor, having been convicted twice theretofore of like offenses. Title 2, sections 3 and 29, National Prohibition Act (41 Stat. 308, 316' [Comp. St. Ann. Supp. 1923, §§ 10138½aa, 10138½p]). There were two counts. The charge in the first reads this way:

"* * * That Walter (Red) Schooley on the first day of May in the year 1923 in the said division of said district and within the jurisdiction of said court as a third offense of that kind on his part, the said Walter (Red) Schooley having heretofore, to wit, on June 15, 1921, entered his plea of guilty to a similar charge, that is, the unlawful possession of intoxicating liquor, also having been tried and convicted in this court on June 15, 1922, of the unlawful possession of intoxicating liquor, unlawfully did possess a large quantity to-wit, one gallon, more or less of intoxicating liquor, to-wit, whiskey, otherwise than is authorized by the National Prohibition Act, that is to say, for intoxicating beverage purposes, contrary," etc.

The second count is in the same language, except a different date of possession is given. On general verdicts of guilty he was sentenced on each count to confinement in the penitentiary as for a third offense of the same kind. He filed his assignments of error, among them:

"Because the court erred by imposing a penitentiary sentence on the defendant and a fine for a third offense of unlawful possession of intoxicating liquor on each of the first and second counts of the indictment, for the reason that the first and second counts of the indictment did not sufficiently charge a third offense of the unlawful possession of intoxicating liquor."

He then sued out his writ of error, but has failed to lodge the record with us. For this failure a motion to dismiss the writ would be proper, under the rules, but defendant in error did not care to move. It filed the record with the clerk, filed a brief (plaintiff in error did not), and asks us to dispose of the case on its merits under our Rule 16, § 2. As reason therefor, the district attorney says there are other convictions on like charges in the same district, and it is a matter of public interest to have the sufficiency of the indictment to sustain the sentence settled. This might not, need not under the rules, induce us to make the inquiry, were it not for the fact that the court exceeded its powers in the sentence imposed, if the indictment does not state a good charge of a third offense.

We have held, in Massey v. United States, 281 F. 293, that a prior conviction is regarded as a part of the description and character of the offense intended to be punished, and as an essential ingredient of such aggravated offense, and that if the prosecutor desires to invoke the severer punishment provided as to second or subsequent offenders the indictment or information must allege the fact of the prior conviction, and the allegation of such conviction must be proved in the trial to the jury. The principles there announced are amply supported by the authorities cited. See also 31 C. J. 734, and cases.

"With rare exceptions, offenses consist of more than one ingredient, and in some cases of many, and the rule is universal that every ingredient of which the offense is composed must be accurately and clearly alleged in the indictment, or the indictment will be bad, and may be quashed on motion, or the judgment may be arrested, or be reversed on error." U. S. v. Cook, 17 Wall. 168, 174 (21 L. Ed. 538); Evans v. United States, 153 U. S. 584, 587, 14 S. Ct. 934, 38 L. Ed. 830.

In Wilde v. Com., 2 Metc. (Mass.) 408, Chief Justice Shaw said:

"It is therefore not necessary to set forth the full and entire record of such previous

conviction in extenso; it is sufficient to set it forth with such particularity as to identify. it, and indicate the nature and character of the offense charged, and to set forth the sentence or judgment, with so much exactness, as to show that it was such a conviction as brings the convict within the law providing for the additional punishment sought for by the information."

In State v. Savage, 86 W. Va. 655, 104 S. E. 153, cited in the Massey Case, the defendant was convicted of a second violation of the state prohibition law. The state statute, as the National Prohibition Act, made it the duty of the prosecuting attorney to ascertain whether or not the charge made by the grand jury was the first or second offense, and if the second offense it should be so stated in the indictment. A prior offense of like character was charged in these words:

"He, the said Joe Savage, having been prior to the date of committing said offense and previously thereto been -convicted of a like offense in the criminal court of Fayette county, West Virginia, on the 28th day of April, 1917, and sentenced to confinement in the county jail of said county for and during a period of six months, and to pay a fine of $100 and costs."

It was held that the prior offense thus stated was not sufficiently charged because the averments were not direct but by way of recital. In Cooper v. Com., 134 Va. 545, 113 S. E. 863, the conviction was of a second offense of transporting and selling ardent spirits, and defendant was sentenced to a term of three years in the penitentiary. On reversal the court said:

"The indictment contains no direct allegation of the conviction of the first offense, but only a recital thereof. It alleges the commission of an offense under the prohibition law, and then proceeds: 'The said Rich Cooper having heretofore * * * been convicted of unlawfully manufacturing, selling, * * * ardent spirits,' etc. The former conviction should have been alleged directly, and not by way of recital."

[1] The indictment here is subject to this criticism. The first and second offenses are not directly and positively charged, they are stated parenthetically and by recital. The rule under consideration is a general one in criminal pleading, and if not complied with the defect is fatal. U. S. v. Hess, 124 U. S. 483, 486, 8 S. Ct. 571, 31 L. Ed. 516; Shaw v. United States (C. C. A.) 292 F. 339, 344; Kellerman v. U. S. (C. C. A.) 295 F. 796.

4 F.(2d)—49

[2] But there are graver defects in this indictment. The pleader, in his attempt to state the first offense, says defendant "on June 15, 1921, entered his plea of guilty to a similar charge, that is, the unlawful possession of intoxicating liquor." It would hardly be contended by anyone that a plea of guilty constituted conviction. We are disposed to think that to say one has been convicted of a named offense is the statement of an ultimate fact and not a legal conclusion. Conviction, as here used, means that one has been legally charged with the commission of a crime, that he has either plead guilty, or being put to trial a verdict of guilty was rendered against him, and judgment thereon. But to say that one has plead guilty to a criminal charge is far from saying that he has been convicted of that charge, because there can be no conviction until the plea or verdict of guilty is followed by judgment and sentence. Under the laws of Florida the first sale of liquor was made a misdemeanor and the second a felony. In Smith v. State, 75 Fla. 468, 78 So. 530, the indictment charged that Smith made a sale on September 1, 1917, and then proceeded to charge prior conviction of a like offense in this language:

"And that the said J. J. Smith had theretofore, prior to said sale, pleaded guilty in the county judge's court of Jackson county, Fla., of the like offense, wherefore the grand jurors aforesaid do say and present that the said J. J. Smith is a common liquor dealer."

It was held that inasmuch as the charge was only that the defendant had plead guilty in the county judge's court of a like offense, it did not charge that he had been convicted thereof, that a plea of guilty was not equivalent to conviction. It requires a judgment of guilt upon the record to establish the defendant's guilt and that he has been convicted. Wright v. State, 103 Ala. 95, 15 So. 506.

[3] The first offense is also insufficiently charged because it does not state in what court the plea of guilty was entered. The defendant had a right, as some of the cases hold, to be advised as to the court in which he had been called to trial for the first offense, so that he may examine the record for the purpose of making his defense to that charge, to ascertain whether the record shows a conviction. The necessity of a sufficient charge of the first offense was not avoided in the charge of the second offense, for it does not appear therefrom that the defendant was found guilty by record of a second offense on that charge. Under sec-

tion 29 of the National Prohibition Act punishment for the second offense may be much greater than for the first, but it must be charged and established by proof and appear of record that it is a second offense. The indictment gives no information as to whether the defendant was in fact found guilty and convicted of a second offense on June 15, 1922. It charges no more than conviction on the named day of unlawful possession of intoxicating liquor. Conviction of prior offense, or offenses, as ingredients of the offense charged are facts of record, and it is the purpose and requirement of the statute that they be so charged. The charge of the second offense omits that element or ingredient and is therefore also bad. The indictment then stands without any charge of a prior conviction of a like offense; and the court exceeded its jurisdiction in imposing punishment as for a felony.

[4, 5] But the indictment did sufficiently charge violations of section 3, title 2, of the National Prohibition Act, in that the defendant did, on May 1, 1923, and again on December 9, 1923, in the Ft. Smith Division of the Western District of Arkansas, possess a large quantity of intoxicating liquor, to wit, whiskey. It was not necessary that the pleader negative the exceptions which might have made the possession lawful. U. S. v. Cook, supra; Massey v. U. S., supra; Dukich v. U. S. (C. C. A.) 296 F. 691. The general verdicts found the defendant guilty of offenses for each of which, under section 29 of the act, he should have been fined not more than five hundred dollars. The district attorney asks us, in that event, to remand the case for proper sentence, and we think on the record that order should be made.

It is so ordered, and the clerk will speed the mandate.

STONE, Circuit Judge, dissents.