## PALMER v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. May 7, 1925.)

No. 4267.

1. Criminal law ⬤⟶1028—Points raised for first time in Circuit Court of Appeals will not be considered.

Points raised for first time in Circuit Court of Appeals will not be considered.

2. Indictment and information ⬤⟶114—Indictment held sufficient to support conviction as for a third offense.

Indictment alleging that defendant had been informed against "as a first offense," and pleaded guilty of possession, under National Prohibition Act, tit. 2, § 3 (Comp. St. Ann. Supp. 1923, § 10138½aa), on a particular date, and on later date was informed against "as a second offense," for possession of intoxicating liquor, and thereafter convicted, and alleged that third offense charged by indictment was committed after such conviction, held sufficient to support conviction as for a third offense.

3. Intoxicating liquors ⬤⟶216—Indictment held not defective for failure to allege that liquor was fit for beverage purposes.

Indictment charging possession of "intoxicating liquor for beverage purposes" held not defective for failure to allege that such liquor was "fit" for beverage purposes.

In Error to the District Court of the United States for the Western District of Kentucky; Charles H. Moorman, Judge.

Toney Palmer was convicted of possessing intoxicating liquor for beverage purposes, and he brings error. Affirmed.

Huggins & Oldham, of Louisville, Ky., for plaintiff in error.

W. S. Ball, U. S. Atty., of Louisville, Ky.

Before DENISON, DONAHUE, and KNAPPEN, Circuit Judges.

PER CURIAM. [1] The points elaborately argued in the brief for plaintiff in error are largely raised for the first time in this court, and those cannot be considered.

[2] The indictment charges that Palmer was informed against "as a first offense," and pleaded guilty of possession (section 3, title 2, National Prohibition Act [Comp. St.

Ann. Supp. 1923, § 10138½aa]), August 12, 1922; that on March 5, 1923, he had a further information filed against him "as a second offense" for possession of intoxicating liquor, and was convicted on March 12, 1923; and charges that the third offense for which this indictment was brought was committed on January 4, 1924. We regard this indictment as sufficient to support a conviction for a third offense. Dolan v. U. S. (C. C. A. 6) 4 F.(2d) 251, filed March 16, 1925.

[3] The indictment charges possession of "intoxicating liquor for beverage purposes." It is criticized because it does not say that the liquor was "fit" for beverage purposes. We know of no rule or principle which requires such further allegation. Fitness is only evidence of purpose.

The judgment is affirmed.