### KEEN v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. February 16, 1926.)

No. 7039.

**1. Intoxicating liquors ☞236(11).**

Evidence *held* to show sale of "home brew."

**2. Intoxicating liquors ☞146(1).**

Sales of liquor may be consummated without payment of price in money on delivery.

**3. Intoxicating liquors ☞236(13).**

Evidence *held* not to show that home brew was of alcoholic content forbidden by National Prohibition Act, tit. 2, § 1 (Comp. St. Ann. Supp. 1923, § 10138½).

**4. Criminal law ☞304(20)—Courts judicially know that whisky, alcohol, brandy, gin, and other well-known intoxicants are "intoxicating liquors" (National Prohibition Act, tit. 2, § 1 [Comp. St. Ann. Supp. 1923, § 10138½]).**

Courts judicially know that whisky, alcohol, brandy, gin, and other well-known intoxicants are "intoxicating liquors," within National Prohibition Act, tit. 2, § 1 (Comp. St. Ann. Supp. 1923, § 10138½).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Intoxicating Liquor.]

**5. Criminal law ☞304(20).**

Courts do not judicially know that home brew is "intoxicating liquor," within National

Prohibition Act, tit. 2, § 1 (Comp. St. Ann. Supp. 1923, § 10138½), in absence of proof of alcoholic content.

**6. Criminal law ⟨⟩306.**

Presumption cannot be bottomed on a presumption.

**7. Intoxicating liquors ⟨⟩224—Possession of home brew of forbidden alcoholic content does not warrant conclusion that home brew sold on preceding day was of like alcoholic content.**

Defendant's possession of bottled home brew of forbidden alcoholic content on particular day does not warrant conclusion that home brew sold by him on preceding day was of same lot, and also of unlawful alcoholic content, and instruction to that effect is reversible error.

**8. Intoxicating liquors ⟨⟩211—Information charging possession held not insufficient for want of averment that possession was with intent to use unlawfully (National Prohibition Act, tit. 2, §§ 3, 25, 32, 33 [Comp. St. Ann. Supp. 1923, §§ 10138½aa, 10138½m, 10138½s, 10138½t]).**

Under National Prohibition Act, tit. 2, §§ 3, 25, 32, 33 (Comp. St. Ann. Supp. 1923, §§ 10138½aa, 10138½m, 10138½s, 10138½t), information charging possession of intoxicating liquor *held* not insufficient for want of averment that possession was with intent to use in violation of the act.

**9. Intoxicating liquors ⟨⟩17.**

National Prohibition Act, tit. 2, § 3 (Comp. St. Ann. Supp. 1923, § 10138½aa), prohibits the possession of intoxicating liquor, and, so construed, is not unconstitutional.

**10. Intoxicating liquors ⟨⟩222.**

Under National Prohibition Act, tit. 2, §§ 32, 33 (Comp. St. Ann. Supp. 1923, §§ 10138½s, 10138½t), negative averments of defensive matter need not be made in information.

Youmans, District Judge, dissenting.

In Error to the District Court of the United States for the Western District of Missouri; Albert L. Reeves, Judge.

Carl Keen was convicted of violating the National Prohibition Act, and he brings error. Reversed in part, and affirmed in part.

William G. Lynch, of Kansas City, Mo. (Horace Guffin and Henry C. Smith, both of Kansas City, Mo., on the brief), for plaintiff in error.

C. C. Madison, U. S. Atty., of Kansas City, Mo. (C. S. Walden and H. L. Donnelly, Asst. U. S. Attys., both of Kansas City, Mo., on the brief), for the United States.

Before KENYON, Circuit Judge, and YOUMANS and FARIS, District Judges.

FARIS, District Judge. Plaintiff in error, who was the defendant below, brought this writ of error to reverse convictions upon a certain information in two counts which charged him (for that he had both sold and possessed home brew beer) with violations of those provisions of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) which forbid unlawful sale and unlawful possession of intoxicating liquor.

Numerous grounds for reversal are urged in the brief of plaintiff in error (hereinafter called defendant). Many of these are mere duplications, or statements of the identical ground in varying verbiage. Touching the conviction on the first count, being that count which charged a sale, it is, *inter alia*, contended, as error meet for reversal, that the evidence was insufficient to support the conviction because (a) the facts proved do not show a sale; and (b) because there is no evidence of the alcoholic content of the liquid in controversy, even if a sale were shown. It is also urged that the court erred in the charge upon the point of proof of such alcoholic content.

[1, 2] In the view which we hold as to the second contention, there is (save that of serving as a rule of trial hereafter) little necessity for discussing defendant's insistence that, upon the facts shown on the record, there is no evidence of a sale. But we think the testimony, when eked out by the circumstances, discloses a sale. The facts of the alleged sale are that one Stark, in company with an informer and two other persons, went to the residence of defendant in an automobile, which they stopped about five feet from the steps leading into the flat wherein defendant lived. One Peters, the informer in question, was sent into this residence for the purpose of buying beer, inferably upon the whole record, of the variety called in the record "home brew." Stark and the two other occupants of the car, in the meantime, remained seated therein. Shortly thereafter Peters reappeared, in company with defendant, and each carrying two bottles of beer. Defendant stopped at the top of the steps, and Peters brought the four bottles of beer down to the automobile. Thereupon Stark ascertained from Peters that the price of the beer was 40 cents a bottle, or $1.60 in all, and gave this sum to Peters to pay for this beer. Peters did not testify, and Stark says that he did not actually see the money as it passed from Peters to defendant, though he says that Peters took the money back to the defendant.

We know of no reason in law why recourse may not be had to circumstantial evidence to prove, or eke out proof of, a sale, as it may be to any other element of a criminal

case. Clearly, if recourse may thus be had, the direct evidence, when assisted, as here, by the circumstances, shows a sale for cash. Woods v. United States (C. C. A.) 290 F. 957. The facts, as disclosed by Stark, even absent some of the circumstances, indicate, at least, a sale on credit. Sales of liquor, as of any other commodity, may be consummated without payment of the purchase price in current money on delivery of the liquor. Ahearn v. United States, 3 F.(2d) 808; Fisk v. United States (C. C. A.) 279 F. 12; Albert v. United States (C. C. A.) 281 F. 511.

[3, 4] But the serious question in the case is whether there was any sufficient evidence that the alcoholic content of the liquid so sold, was such as to make it fall within the ban of section 1 of title 2 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½). This section defines intoxicating liquor as including "alcohol, brandy, whisky, rum, gin, beer, ale, porter, and wine, and in addition thereto any spirituous, vinous, malt, or fermented liquor, liquids, and compounds, * * * by whatever name called, containing one-half of 1 per centum or more of alcohol by volume which are fit for use for beverage purposes." Of course, it has been held so often as to render citation of cases unnecessary that, upon the coming in of proof of the sale of whisky, alcohol, brandy, gin, and other well-known intoxicants, the court will judicially notice that such liquids are intoxicating liquors, without proof of their alcoholic content. And it may well be the law (though the specific question up for judgment does not require that the point be ruled) that, on proof of the sale of lager beer, or even beer without any adjectival modification, the court will, perforce section 1, supra, judicially notice the intoxicating character of such liquids so styled. Berry v. United States (C. C. A.) 275 F. 680. But the liquid here sold, as the information charges and the record fairly discloses, was "home brew," or "home brew beer," made of malt and fermented, perhaps, but only shown to be so by exercising the presumption that it came from defendant's confessed general stock, which latter fact defendant himself denies, and of which there is no countervailing proof. This denial of the sale by defendant obviously serves also as a denial of the source and constituent elements and manner of making this home brew beer. So there is no competent proof in this record that this particular home brew beer was made of malt and fermented, though there is proof that defendant had made some home brew beer with malt by fermentation.

[5] However, even if all home brew beer be so made, section 1, supra, recognizes, by its own language, that there may be malt and fermented liquids which the courts will not judicially notice as being intoxicating liquors; for section 1, supra, also provides, that the definition of intoxicating liquor therein contained shall not apply to any dealcoholized liquid which is produced by the same process as beer is produced, unless such liquid shall contain one-half of 1 per centum or more of alcohol by volume; nor shall it apply when such liquid is not denominated beer, ale, or porter. Therefore we do not think it is at all debatable that courts cannot judicially notice that home brew beer is an intoxicating liquor, absent proof of its alcoholic content. Berry v. United States, supra.

[6, 7] Indeed, counsel for the government make no such contention. They put their assertion of the sufficiency of proof of forbidden alcoholic content wholly upon the fact that on the following day, when defendant was found in possession of beer of the same home brew sort, such beer so possessed was, on analysis, found to contain more than one-half of 1 per centum of alcohol by volume. This conclusion is clearly a non sequitur, and it bottoms a presumption upon a presumption, which is not permissible. 10 R. C. L. 870; Lawson, Presumptive Ev. 652. For certainly, it cannot follow as a legal conclusion, that because defendant possessed on a given day bottled home brew beer, which carried a forbidden alcoholic content, home brew beer sold by him on the day before must have come from the identical lot, and likewise, therefore, must have contained a forbidden percentage of alcohol. This, in the last analysis, is precisely the contention of the government, and the charge of the court was in precise accord with this contention. Obviously, then, even if the case on this second count could be saved from reversal for lack of proof of forbidden alcoholic content in the liquid sold (as in our view it cannot), then it ought to be reversed for error in this charge.

In passing, it may be conceded that the witness Stark spoke of the liquid sold as "beer" simply. That it was home brew, or home brew beer, the whole record leaves no doubt, and this was the sole charge in the information on which defendant was tried. The affidavit for the search warrant, based on the sale here in question, set out that the liquid sold was home brew. And, as said, both the contention here of counsel for the government and the charge of the court are bottomed on the theory that home brew beer

was the liquid in controversy. Having been charged below only with the sale of home brew, and having been tried below solely on this theory, the case must be heard here on the like theory; any other view would be so technical as to smack of stultification.

We are of the view that there was no error in defendant's trial and conviction on the second count. As was intimated by the trial court in his charge to the jury, defendant's own testimony conclusively showed his guilt, save alone as to the question of the intoxicating nature of the liquid involved, and this point was amply covered by other evidence in the case.

[8] But defendant in his brief, for the first time, moots the question of the sufficiency of the second count of the information, being that which charges him with unlawful possession of intoxicating liquor. The contention thus made specifically is that the only possession denounced as a criminal offense by the National Prohibition Act is that set out in title 2, section 25 (Comp. St. Ann. Supp. 1923, § 10138½m), and that section 25 makes possession an offense only when such possession is coupled with the intent to use the liquor possessed in violation of the act, and that such intent must be affirmatively charged in the information in order to save such information from invalidity, because of lack of sufficient averment. It is also contended that section 3 of title 2 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½aa) does not create any criminal offense, and that, if it did, it would be unconstitutional.

[9] The courts quite generally, and by a large majority, have held that the offense of possession is defined by section 3, supra, of the National Prohibition Act. Massey v. United States (C. C. A.) 281 F. 293; Rudolph v. United States, 6 F.(2d) 487, 55 App. D. C. 362; Nunn v. United States (C. C. A.) 4 F.(2d) 380; Schooly v. United States (C. C. A.) 4 F.(2d) 767; Golden v. United States (C. C. A.) 4 F.(2d) 846; Williams v. United States (C. C. A.) 3 F.(2d) 933; Feinberg v. United States (C. C. A.) 2 F.(2d) 955; Palmer v. United States (C. C. A.) 6 F.(2d) 145. Opposed, seemingly, to the doctrine of the above cases, we find only the 27-line opinion in the case of Hilt v. United States (C. C. A.) 279 F. 421, of which 6 lines only are given to the point, and the case of United States v. Dowling, 278 F. 630, a District Court decision. If Congress has unwittingly created two offenses out of

identical facts, that matter is one for Congress and not the courts to remedy. Numerous cases have held that this section is constitutional. United States v. Murphy (D. C.) 264 F. 842; Rose v. United States (C. C. A.) 274 F. 245; Page v. United States (C. C. A.) 278 F. 41; Massey v. United States (C. C. A.) 281 F. 293.

[10] This court, among others (Davis v. United States, 274 F. 928), has held that, in view of the provisions of section 32 of the act, it is not necessary to include in the information any negative averments of defensive matters, but that it is sufficient to state that the act complained of was prohibited and unlawful. Massey v. United States, supra; Feinberg v. United States (C. C. A.) 2 F.(2d) 955. Certainly, such a view logically arises from a consideration of sections 32 and 33 of title 2 of the act (Comp. St. Ann. Supp. 1923, §§ 10138½s, 10138½t). Both of these sections must be regarded as declaratory of the settled law, at least till they are timely and successfully attacked as invalid, and this has neither been done nor attempted here. Haussener v. United States (C. C. A.) 4 F.(2d) 884. And so the attack on the information is disallowed.

It follows that the case should be reversed as to the first count, with instructions to grant a new trial thereon, and affirmed as to the second count; and so it is ordered.

YOUMANS, District Judge (dissenting). I concur in the affirmance on the second count, and dissent from the reversal on the first count.

In my opinion the testimony was sufficient to warrant the jury in finding that the alcoholic content of the beer, the sale of which was the basis of the first count, was more than one-half of 1 per cent. by volume. It is true that the alcoholic content of the beer purchased was not ascertained, but on the next day the same officer who had made the purchase returned to the same place with a search warrant, and then found in the portion of the house occupied by plaintiff in error 20 gallons of mash and 820 quarts of home brew beer. Two samples of beer were analyzed by a chemist. One sample contained 2.96 per cent. of alcohol by volume, and the other 3.15 per cent. by volume. The testimony was to the effect that the beer found in the rooms occupied by plaintiff in error was the same in appearance as that purchased from him.