## STATE vs. JASON HIRTLE.

## STATE vs. SAME.

### JUNE 2, 1926.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

(1)  *Intoxicating Liquors.  Liquor Fit for Beverage Purposes.*

Under G. L. 1923, cap. 127, sec. 2, providing that "liquor" or "intoxicating liquor" shall include various designated liquids or compounds "containing one-half of one per centum or more of alcohol by volume which is fit for use for beverage purposes," evidence of a police officer that drinks served him by defendant tasted like "rye liquor" with evidence of the state assayer that the liquor was whiskey "fit for beverage purposes", justified the court in refusing to direct a verdict for defendant on his claim that there was no evidence that the liquor was fit for beverage purposes.

(2)  *Intoxicating Liquors.  Use of Beverage.  Evidence.*

In selling liquor to be drunk, the seller in effect represents that it is fit for use as a beverage and this may be taken as evidence of that fact.

(3)  *Intoxicating Liquors.  Evidence.*

A witness acquainted with the characteristics of whiskey may without chemical analysis identify a given liquor as whiskey.

(4)  *Intoxicating Liquors.  Proof.*

That whiskey is intoxicating needs neither to be charged nor proved.  Nor does it require proof that it is a substance intended for and fit to be used as a beverage.

(5)  *Intoxicating Liquors.  Payment.  Sales.*

When witness requested a "drink" from defendant it was an offer to purchase which was accepted by defendant when he delivered the liquor to witness. For purposes of criminal prosecution there was a transfer of property in the liquor, and an implied agreement on the part of witness to pay for it and the sale was consummated, and the action of defendant in not taking payment when tendered does not change the character of the transaction.

(6)  *Trial.  Comment by Court.*

The trial justice properly interrupted argument of counsel appealing to possible prejudice in the minds of the jurors and warning him that a statute under which the prosecution was brought was not in issue and must not be criticised.

CRIMINAL COMPLAINTS.  Heard on exceptions of defendant and overruled.

SWEETLAND, C. J.    These are criminal complaints alleging the violation of the Rhode Island act for the enforcement of

prohibition. The first complaint charges the unlawful possession of intoxicating liquor; the latter charges an unlawful sale of intoxicating liquor to one George A. High.

The complaints were tried together before a justice of the Superior Court sitting with a jury and resulted in a verdict of guilty in each case. The respondent duly filed a motion for new trial in each case which was denied by the justice. Each case is before us upon the respondent's exception to the decision of the justice on the motion for new trial, and upon exceptions to certain rulings of the justice made in the course of the trial.

The respondent excepted to the refusal of the justice to direct a verdict of not guilty in both cases on the ground that the State had failed to prove that the liquor in question was "fit for use for beverage purposes". Section 2, Chapter 127, General Laws 1923, the statute providing for the enforcement of prohibition, contains the following provision: "Sec. 2. The word 'liquor' or the phrase 'intoxicating liquor', when used in this chapter, shall be construed to include alcohol, brandy, whiskey, rum, gin, beer, ale, porter, and wine, and in addition thereto any distilled spirituous, malt, vinous or fermented liquor and also liquid or compound whether or not the same is medicated, proprietary, or patented, and by whatever name called, containing one-half of one per centum or more of alcohol by volume which is fit for use for beverage purposes."

At the trial the witness High testified to the following effect. On August 21, 1925, he was a member of the Providence police force; on that day he entered a certain store in Providence and went to the bar behind which the respondent was standing and asked the respondent for a "drink"; thereupon the respondent served liquor to the witness four times, which liquor the witness drank in the presence of the respondent. It tasted like "rye liquor". The witness then ordered another "drink" upon which request liquor was again served to him by the respondent. This last portion the witness did not drink but it was poured

into a bottle and retained by a sergeant of police who at that time had entered the store. The liquor so retained was delivered to the state assayer of liquors; it was brought into court at the trial and became an exhibit in the case. The state assayer testified that he examined the liquor delivered to him by the police sergeant and found it to be whiskey "fit for beverage purposes". The respondent presented no evidence at the trial. The respondent can not be heard to say in this court that there was no evidence before the jury that the liquor sold by him to the witness was fit for beverage purposes. It has been held that a person who sells liquor is bound to know its quality. *State v. Hughes*, 16 R. I. 403. In selling this liquor to be drunk by the witness, the respondent in effect represented that it was fit for use as a beverage, and this may be taken as evidence of that fact. *State v. Gauthier*, 121 Me. 522, 533. Furthermore, and decisive of the respondent's contention, the state assayer testified that the liquor was whiskey. A witness acquainted with the characteristics of whiskey may without chemical analysis identify a given liquor as whiskey. It possesses certain well known characteristics of which no proof is required. That it is intoxicating needs neither to be charged nor proved. *State v. McKenna*, 16 R. I. 398; *State v. Morehead*, 22 R. I. 272. Nor does it require proof that it is a substance intended for, and fit to be used as a beverage. *Hensberg v. U. S.* 288 Fed. 370.

The respondent also excepted to the denial of his motion for the direction of a verdict of not guilty as to the complaint charging a sale of intoxicating liquor. The motion was based on the claim that the respondent did not receive pay for the liquor which was brought into court as an exhibit. The witness High had paid for each of the four "drinks" of liquor previously served to him. Upon receiving from the respondent the last portion the witness placed upon the bar a five dollar bill from which the respondent was to take payment. Apparently by reason of the occurrence immediately following, the respondent did

not take this bill, and before leaving the store the witness took it back into his possession. From this the respondent claims that there was no proof of the sale of the liquor in question. The circumstances warrant a finding that when the witness requested a "drink" it was an offer to purchase, which was accepted by the respondent when he delivered the liquor to the witness. For the purpose of the criminal prosecution there was a transfer of property in the liquor, an implied agreement on the part of High to pay for it, and the sale was consummated. The action of the respondent in not taking payment when tendered does not change the character of the transaction. *Woods* v. *U. S.* 290 Fed. 957.

The respondent has urged before us his exception to the action of the justice and the comment of the justice in interrupting the argument of respondent's counsel to the jury. The counsel in argument was making an attack upon the statute, known as the Sherwood Act, for the violation of the provisions of which the complaint on file had been instituted. The purport of counsel's language was that the statute interfered with and contravened the rights of American citizens as they were down to the passage of the Eighteenth Amendment and the Sherwood Act; that until the adoption of that act "a man had a right to buy and sell intoxicating liquor and that law up to that time was the law which we inherited with American citizenship and it was ordained by our forefathers when they evolved the American government". This statement of counsel was not true in fact for the sale of intoxicating liquor has been regulated and restricted by law in this State from very early times. We have had extended periods of complete prohibition of its sale by statute and by constitutional provision. Before the Sherwood Act, by law a comparatively small number of persons in any city or town were permitted to sell intoxicating liquor and those only upon the payment of large license fees. By force of our so-called local option law, in a number of the towns of the State, the sale of liquor had been prohibited down to the adoption of the Eighteenth Amend-

ment to the federal constitution. The principal vice in counsel's argument, however, was that it was clearly an appeal to possible prejudice in the minds of the jurors against the law, and that it sought to obtain a favorable verdict from the jury based on such prejudice rather than upon the issues in the case. The justice very properly interrupted the counsel, and in very temperate and unobjectionable language warned him that the law was not in issue; that it must not be criticized before the jury, but must be respected as the rule which should govern all in the trial of the case.

The evidence fully warranted the verdicts which have been approved by the justice, and his decision will not be disturbed by us.

All of the respondent's exceptions are overruled and each complaint is remitted to the Superior Court for sentence upon the verdict.

*Charles P. Sisson,* Atty. Gen., *Harold E. Staples,* Asst. Atty. Gen., for State.

*Joseph H. Coen,* for defendant.