### BERRY et al. v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. March 29, 1921.)

No. 2873.

1. **Criminal law ⬪⧫493—Intoxicating liquors ⬪⧫134—Opinion that liquid was beer held no basis for conviction, as liquid must be beer as defined by Volstead Act.**

To constitute a violation of the Volstead Act by selling beer, the liquid must be "beer" as defined in the act, and the opinion of government agents, who were not chemists, attempted no analysis, and established no expert qualifications to measure the alcoholic content of the liquid by drinking it, would afford no basis for a judgment of conviction.

2. **Criminal law ⬪⧫395—Liquor taken from ice box without search warrant inadmissible.**

Bottles of beer taken from an ice box in defendant's place without a search warrant, in violation of the Fourth Amendment to the federal Constitution, were inadmissible in evidence in a prosecution for a violation of the Volstead Act; and such was true as to testimony of the chemist who analyzed such beer.

In Error to the District Court of the United States for the Eastern District of Illinois.

Thomas Berry and another were convicted of selling beer, and they bring error. Reversed, with direction to grant new trial.

Kevin Kane, of East St. Louis, Ill., for plaintiffs in error.
A. B. Dennis, of Danville, Ill., for the United States.

Before BAKER, EVANS, and PAGE, Circuit Judges.

BAKER, Circuit Judge. [1] Plaintiffs in error were convicted of selling beer in violation of the Volstead Act (41 Stat. 305). Government agents purchased two bottles containing some sort of liquid and drank the contents. They were permitted, over objection, to say that

---

⬪⧫For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

what they drank was beer. To constitute a violation, the drink would have had to be "beer" as defined in the act. These government agents were not chemists, attempted no analysis, and established no expert qualifications to measure the alcoholic content of the liquid by drinking it. Their testimony that the liquid was the "beer" denounced by the act was therefore merely the opinion of unqualified witnesses, and affords no basis for the judgment.

[2] These same agents took two other, and similar bottles from the ice chest in defendants' place. They had no search warrant. One of the bottles was marked by one of the agents at the time and later was sent to a government chemist, who made an analysis and at the trial testified, over objection, that the liquid was beer containing alcohol in excess of the amount permitted by the act; and the bottle and contents were admitted, over objection, as exhibits in evidence. So the conviction is plainly bottomed on the exhibit and the chemist's testimony; that is, on evidence which never would have had any existence, but for the government's violation of the restraint put upon it by the Fourth Amendment. Cases of this kind must be judged as if the illegal seizure had never been made.

"The essence of a provision forbidding the acquisition of evidence in a certain way is that not merely evidence so acquired shall not be used before the court but that it shall not be used at all." Silverthorne Lumber Co. v. United States, 251 U. S. 385, 40 Sup. Ct. 182, 64 L. Ed. 319; Gouled v. United States, 255 U. S. 298, 41 Sup. Ct. 261, 65 L. Ed. —— (Feb. 28, 1921).

The judgment is reversed, with direction to grant a new trial.