### UNITED STATES v. HARNICH, and three other cases.

(District Court, D. Connecticut. December 20, 1922.)

Nos. 2617, 2677.

1. Intoxicating liquors ⬅248—Affidavit for search warrant must state facts.

An affidavit made as basis for a search warrant, under National Prohibition Act, tit. 2, § 25, must contain such statements of facts as, if untrue, would subject the affiant to prosecution for perjury.

2. Searches and seizures ⬅3—Determining probable cause judicial function.

The finding of probable cause as basis for issuance of a search warrant is a judicial function, to be performed by the judge or commissioner, from the facts exhibited, and cannot be delegated by him to the accuser.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. Searches and seizures ⬥➔3—Search warrant held invalid, as based on insufficient affidavit.**

A search warrant issued on an affidavit stating no facts, but only that affiant, through investigation made by him and information he has obtained, "has reason to know and believe and does therefore know, believe, and aver," that the law is being violated, *held* unauthorized and invalid.

**4. Searches and seizures ⬥➔5—Owner of property seized on illegal warrant entitled to its return.**

The owner of property seized on an illegal search warrant is entitled to its return on timely application therefor.

Separate criminal prosecutions by the United States against Mackery Harnich, against Joseph Perratti, against Peter Russell, and against Walter Le Pack. On motions by defendants for return of property. Granted.

George H. Cohen, Asst. Dist. Atty., of Hartford, Conn.
George R. Guilfoile, of Waterbury, Conn., for defendant Russell.
Maurice Gruskay, of Waterbury. Conn., for defendant Harnich.
Thomas E. Troland, of New London, Conn., for defendant Perratti.
Edward W. Lynch, of New Haven, Conn., for defendant Le Pack.

THOMAS, District Judge.    In each of the above entitled cases, the defendant has filed and argued a motion for the return of the property seized, on the ground that the search warrant issued by the commissioner in each case was illegal, in that the facts were not properly set forth by the officer making the affidavit.    The question presented by the motion in each case involves a consideration of the Fourth and Fifth Amendments to the Constitution, Act June 15, 1917, title 2 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 10496¼a–10496¼v) and the numerous cases already decided, with reference to the essential facts which must necessarily be alleged and sworn to upon which a valid search warrant may be issued.

The Fourth Amendment to the Constitution provides that:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation and particularly describing the place to be searched, and the persons or things to be seized."

The Fifth Amendment, so far as is here pertinent, provides:

"No persons * * * shall be compelled in any criminal case to be a witness against himself."

Section 25 of title 2 of the National Prohibition Act (41 Stat. 315) provides:

"It shall be unlawful to have or possess any liquor or property designed for the manufacture of liquor intended for use in violating this Title or which has been so used; and no property rights shall exist in any such liquor or property. A search warrant may issue as provided in title XI of public law numbered 24 of the Sixty-fifth Congress, approved June 15, 1917, and such liquor, the containers thereof, and such property so seized shall be subject to such disposition as the court may make thereof."

⬥➔For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Following the Constitution, Congress has provided for the issuance of search warrants. Section 10496¼c of the Compiled Statutes, Ann. Supp. 1919, contains the following:

"A search warrant cannot be issued but upon probable cause, supported by affidavit, naming or describing the person and particularly describing the property and the place to be searched."

Section 10496¼d also provides:

"The judge or commissioner must, before issuing the warrant, examine on oath the complainant and any witness he may produce, and require their affidavits or take their depositions in writing and cause them to be subscribed by the parties making them."

Section 10496¼e then provides:

"The affidavits or depositions must set forth the facts tending to establish the grounds of the application or probable cause for believing that they exist."

In view of these provisions of the Constitution and the statutes, the wonder is that there can be any question about the procedure necessary to obtain a valid search warrant. How can it be otherwise than that the judge or commissioner must first be supplied with an affidavit which sets out the facts upon which the informing officer desires to secure a search warrant, and upon which facts the judge or commissioner may satisfactorily conclude that the law is being violated. If the facts sworn to by the informing officer justify the conclusion that the National Prohibition Act is being violated, then the search warrant is issued and the officer protected in the discharge of his duty when he executes the warrant. If, on the other hand, the facts set forth in the affidavit do not satisfy the judge or commissioner that there has been a violation of the law, the search warrant does not issue.

[1, 2] But an examination of the cases shows clearly that the courts of last resort have held that the setting forth of the facts in the affidavit is a necessary and indispensable prerequisite to the issuance of a valid search warrant. Judge Baker, speaking for the Circuit Court of Appeals for the Seventh Circuit in Veeder v. United States, 252 Fed. 414, at page 418, 164 C. C. A. 338, 342, discusses the subject and his opinion is emphatic and illuminating. He said:

"A brief statement of the applicable principles of law will suffice, for they are so well settled, so obvious from a reading of the constitutional and statutory provisions in question, so founded in the instinctive sense of natural justice, that no elaboration of the grounds therefor is needed."

Thus it appears that the learned judge was so impressed with the justice of the defendant's claim that no elaboration of the proposition seemed necessary. But he continues and says:

"No search warrant shall be issued unless the judge has first been furnished with facts under oath—not suspicions, beliefs, or surmises, but facts—which, when the law is properly applied to them, tend to establish the necessary legal conclusion or facts which, when the law is properly applied to them, tend to establish probable cause for believing that the legal conclusion is right. The inviolability of the accused's home is to be determined by the facts, not by rumor, suspicion, or guesswork. If the facts afford the legal basis for the search warrant, the accused must take the consequences. But equally there must be consequences for the accuser to face.

If the sworn accusation is based on fiction, the accuser must take the chance of punishment for perjury. Hence the necessity of a sworn statement of facts, because one cannot be convicted of perjury for having a belief, though the belief be utterly unfounded in fact and law. The finding of the legal conclusion or of probable cause from the exhibited facts is a judicial function, and it cannot be delegated by the judge to the accuser."

These general principles of law are so sound that the citation of further authority ought not to be necessary, but reference is made to U. S. v. Kelih (D. C.) 272 Fed. 484, and particularly to page 488, where Judge FitzHenry reiterates the same propositions of law expounded by Judge Baker in the Veeder Case.

Further and instructive rules are laid down by Judge Dooling in U. S. v. Mitchell et al. (D. C.) 274 Fed. 128, which doubtless will aid officers and commissioners respecting affidavits and search warrants issued upon the affidavits. In this case Judge Dooling said (page 130):

"The National Prohibition Act further provides that no search warrant shall issue to search any private dwelling occupied as such, unless it is being used for the unlawful sale of intoxicating liquor, or is in part used for some business purpose. It should not be difficult to keep within these provisions. If in the attempted enforcement of the prohibition law a search warrant is applied for, the first inquiry of the judge or commissioner should be as to the character of the place to be searched. If it be a private dwelling, then the inquiry should be: 'What evidence have you that this place is being used for the unlawful sale of intoxicating liquors?' If the officer has no such evidence, he should not apply for the warrant; or if the judge or commissioner is not satisfied with the evidence offered, he should not issue it. If the officer is acting upon information, he should lay all the facts before the judge or commissioner, with the names of the persons from whom his information is received. It is not merely a pro forma matter, but one of utmost importance, that search warrants should be properly issued in the first instance. They should not be lightly applied for, nor lightly issued, as they trespass upon the most important rights of the people. When issued, they should be promptly served and promptly returned. It should go without saying that they are of such grave importance that they may be amended, if at all, only by the officer issuing them, and then only in conformity with the affidavits or depositions upon which they are based."

These rules are particularly apposite to the cases at bar.

In discussing the Fourth Amendment the Supreme Court of the United States, speaking by Mr. Justice Day in Weeks v. U. S. 232 U. S. 383, at page 392, 34 Sup. Ct. 341, 344 (58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177), said:

"This protection reaches all alike, whether accused of crime or not, and the duty of giving to it force and effect is obligatory upon all intrusted under our federal system with the enforcement of the laws. The tendency of those who execute the criminal laws of the country to obtain conviction by means of unlawful seizures and enforced confessions, the latter often obtained after subjecting accused persons to unwarranted practices destructive of rights secured by the federal Constitution, should find no sanction in the judgments of the courts which are charged at all times with the support of the Constitution and to which people of all conditions have a right to appeal for the maintenance of such fundamental rights."

See, also, to the same effect, Gouled v. U. S., 255 U. S. 298, on page 303, 41 Sup. Ct. 261, 263 (65 L. Ed. 647), where Mr. Justice Clarke said:

"It would not be possible to add to the emphasis with which the framers of our Constitution and this court (in Boyd v. United States, 116 U. S. 616,

in *Weeks v. United States*, 232 U. S. 383, and in *Silverthorne Lumber Co. v. U. S.*, 251 U. S. 385) have declared the importance to political liberty and to the welfare of our country of the due observance of the rights guaranteed under the Constitution by these two amendments. The effect of the decisions cited is: that such rights are declared to be indispensable to the 'full enjoyment of personal security, personal liberty, and private property,' that they are to be regarded as of the very essence of constitutional liberty, and that the guaranty of them is as important and as imperative as are the guaranties of the other fundamental rights of the individual citizen— the right, to trial by jury, to the writ of habeas corpus, and to due process of law. It has been repeatedly decided that these amendments should receive a liberal construction, so as to prevent stealthy encroachment upon or 'gradual depreciation' of the rights secured by them, by imperceptible practice of courts or by well-intentioned but mistakenly over-zealous executive officers."

[3] Applying the principles of law above enunciated, which are so clear and about which there can be no possible question, it is impossible to escape the conclusion that the search warrants here under discussion were invalid, and that all acts done by the officers executing the warrants were invalid, and that the petition in each instance must be granted and the property seized must be returned to the petitioners. In each instance the affiant swears merely that:

"Through investigations made by him, and information he has obtained, he has reason to know and believe, and does therefore know, believe, and aver that the National Prohibition Law is being violated by the using of part of certain premises located in the town of ——— Connecticut, and known as ———, for the making, secreting, and selling of whisky, gin, beer, or other kinds of intoxicating liquors for beverage purposes, which liquors contain one-half of one per centum or more of alcohol by volume, and which mentioned place is in the control of ———, or some other person or persons to the affiant unknown, without legal permits to so do. Affiant does also believe, know, and aver that, in addition to the violation of the National Prohibition Law as stated, a fraud upon the revenue service of the United States is now being committed, by the likewise use of said mentioned place, whereby payment of the taxes in such cases required under the internal revenue laws of the United States is being evaded; no legal permits having been issued to the party in control of said premises, and no returns made by said party to the Internal Revenue Department of the United States as required by law."

Upon the strength of the above, as facts, the commissioner issued the following search warrant:

"Whereas, complaint on oath and in writing has this day been made to me, ———, a United States commissioner for said district, by ———, an internal revenue officer of the United States government alleging that, upon information received and investigation made by him, he has reason to believe and know, and does therefore believe, know, and aver, that the National Prohibition Law is being violated; also that he has reason to believe and does verily believe that a fraud upon the revenue of the United States is being committed by the use of certain premises located in the town of ——— in said district and known as ———, the part of said premises so used being a store, tenement, or certain rooms on the ——— floor and cellar and attic, of said mentioned building, and being in the possession or control of ———, or of some other person or persons connected with him therein, and to the affiant unknown. And it appearing to me that sufficient facts have been shown me to decide that unlawful use is now being made of said premises by said ———, his agent or associates, for the making, secreting, and selling of intoxicating beverages, in violation of said law; and the committing of a fraud upon the revenue

of the United States government by the evading of tax payments, etc. You are therefore hereby commanded, in the name of the President of the United States, within the day or night time, to enter said premises, with the necessary and proper assistance and there diligently investigate and make search concerning said prohibition law violation and the commission of said revenue fraud, and to report and act concerning the same as required of you by law; also to seize and confiscate all intoxicating beverages, stills, and every other article therein pertaining to said unlawful acts."

It is thus perfectly apparent that no facts whatever are set forth tending to establish the grounds of the application or probable cause for believing that they exist, and no facts are alleged which justify the conclusion of law that the National Prohibition Act has been violated, nor are they sufficient to justify the issuance of a search warrant.

The facts set forth are nothing more than the affiant's application of his own undisclosed notion of the law to an undisclosed statement of facts. Under our system of government, the accuser is not permitted to be the judge. He has stated a conclusion of law which he is not entitled to draw. The conclusion as to whether or not a crime is being committed or the law violated is one which the judge or commissioner must determine, and it is a duty which cannot be delegated to the accuser. The affidavit amounts to the conclusion merely that the law is being violated. No facts at all appear. The affiant does not swear to anything for which he could be prosecuted, as his affidavit contains only what he derives from information.

The purpose of such strict conformity with the requirements of the law is perfectly obvious. The affidavit is required for the very purpose of fixing the responsibility for so serious a charge in the event that the affiant has sworn falsely. When he says he "verily believes upon information, and therefore avers," and fails to disclose the information, no responsibility attaches to him in the event the information turns out to be incorrect. A man cannot be convicted of perjury for swearing that he believes a certain thing to be so. If he could do this, an irreparable wrong might be done, for which there would be no remedy.

[4] Upon the authority of the above cases, as well as upon the principles enunciated in U. S. v. Ray & Schultz (D. C.) 275 Fed. 1004, Berry v. U. S. (C. C.A.) 275 Fed. 680, U. S. v. Rykowski (D. C.) 267 Fed. 866, and Silverthorne v. U. S., 251 U. S. 385, 40 Sup. Ct. 182, 64 L. Ed. 319, the petition in each case will be granted, and the property taken returned to the petitioner; and it is so ordered.