## SIDEN v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit.
November 14, 1925.)

No. 6600.

**1. Intoxicating liquors ⊛248—Probable cause necessary to issuance of search warrant is legal conclusion of magistrate from facts stated in affidavit.**

The probable cause indispensable to lawful issuance of search warrant, under Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 10496¼c, 10496¼e, is legal conclusion of magistrate from facts stated in affidavits, depositions, or testimony, and, without statement of facts sufficient to sustain such conclusion, search warrant may not lawfully issue.

**2. Intoxicating liquors ⊛248—Issuance of warrant cannot be sustained, when facts on which magistrate's conclusion of probable cause based not stated in affidavits.**

When facts on which magistrate's conclusion of probable cause for issuance of search warrant, under Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 10496¼c, 10496¼e, is based, are not stated in affidavits, depositions, or testimony on which such conclusion rests, the warrant cannot be sustained.

**3. Criminal law ⊛395—Intoxicating liquors ⊛248—Statements in complaint held not to justify issuance of search warrant, and articles obtained in search thereunder inadmissible.**

Statements of prohibition agent, in complaint for issuance of search warrant, "that he has good reason to believe and does believe" that intoxicating liquor was being sold by defendant at his clothing store, in violation of National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), and that such belief was based on affidavit of one who purchased three drinks of liquor two weeks before, *held* not sufficient to sustain conclusion of probable cause, justifying issuance of warrant, under Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 10496¼c, 10496¼e, and hence issuance of search warrant was illegal, and articles obtained thereby were inadmissible against defendant.

**4. Criminal law ⊛395—Intoxicating liquors ⊛248—Search in nighttime under warrant not supported by affidavit stating positively that property on person or in place to be searched held illegal, and articles procured thereby incompetent.**

A service of a warrant and a search thereunder in the nighttime, when warrant is not supported by an affidavit stating positively that property is on the person or in the place to be searched, as required by Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼j, is unauthorized and illegal, and renders articles procured thereby incompetent.

**5. Criminal law ⊛395—Intoxicating liquors ⊛248—Search in nighttime held illegal, in view of insufficiency of statement in complaint and affidavit for search warrant, and articles obtained incompetent evidence.**

Search in the nighttime of defendant's premises under warrant issued on complaint

9 F.(2d)—16

stating that complainant believed liquor was being sold, based on affidavit of another that he had bought three drinks of defendant at such place, *held* illegal, and articles obtained thereunder incompetent, as affidavit did not comply with Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼j, requiring that it state positively that property is on the person or in place to be searched.

**6. Criminal law ⊛308—Presumption that defendant is innocent until proven guilty beyond reasonable doubt.**

There is a legal presumption that a defendant is innocent of each of the charges in information against him until he is proven to be guilty beyond a reasonable doubt, and burden is on government to make this proof.

**7. Criminal law ⊛1159(2)—Duty of appellate court to reverse conviction, when evidence as consistent with innocence as with guilt.**

Where all substantial evidence is as consistent with innocence as guilt, it is duty of appellate court to reverse a verdict of conviction.

**8. Intoxicating liquors ⊛236(6½)—Evidence held not to sustain conviction of unlawful possession.**

Evidence *held* not to sustain conviction of unlawful possession of intoxicating liquor, in violation of National Prohibition Act, tit. 2, § 3 (Comp. St. Ann. Supp. 1923, § 10138½aa).

In Error to the District Court of the United States for the District of Minnesota; John F. McGee, Judge.

Aaron Siden was convicted of unlawful possession of intoxicating liquor, usable and used for beverage purposes, and of unlawful sale of intoxicating liquor in violation of the National Prohibition Act, and he brings error. Judgment on first count reversed, and that on second count affirmed, and case remanded for further proceedings.

See, also, 293 F. 422.

A. Feldman, of Duluth, Minn., for plaintiff in error.

Frederick S. Winston, Asst. U. S. Atty., of St. Paul, Minn.

Before SANBORN, LEWIS, and BOOTH, Circuit Judges.

WALTER H. SANBORN, Circuit Judge. Under the first count of the information against him, Aaron Siden was convicted of the unlawful possession on December 1, 1922, at a clothing store at No. 705 West Superior street, in Duluth, Minn., of intoxicating liquor usable and used for beverage purposes, and under the second count of that information he was convicted of the unlawful sale on November 19, 1922, at the same place, of intoxicating liquor, in violation of the National Prohibition Act, 41

Stat. 305, 308, tit. 2, § 3 (Comp. St. Ann. Supp. 1923, § 10138½aa). He was sentenced to pay a fine of $500 under the first count and to confinement in the jail at Stillwater, Minn., for the term of five months under the second count. His counsel claim that he was convicted under the first count upon incompetent evidence procured by an unlawful search of his clothing store and premises. He presented this matter upon a motion to quash the information, an abstract of the evidence at the trial, and a copy of the proceedings upon which the search warrant was founded.

On December 1, 1922, the defendant was, and for two years had been, conducting a clothing store at 705 West Superior street, Duluth, Minn., where he occupied two rooms, bought and sold new and second-hand clothing, employed a tailor, took orders for clothing, made and repaired clothes, manufactured a bedbug exterminator in his back room, bottled it, and sold it by the gallon and the bottle. His store occupied a front room, about 25 feet long and 22 feet wide, and a back room where the tailor worked, and the exterminator was handled. He picked up and purchased bottles, and kept them on hand in his back room for containers for the exterminator. Back of this rear room, and back of the building in which it was situated, a public concrete walk about four feet wide extended from Seventh avenue through to Mesaba avenue. His clothing store was surrounded by lodging houses, occupied by roomers, who had access to and used this paved passage, and frequently left empty bottles there, and in an area back of that passageway.

Between 6 and 7 in the evening of December 1, 1922, Charles Benson, a prohibition director and agent, and three other prohibition agents, armed with a search warrant, entered the defendant's clothing store and searched every part of the rooms he used and the territory in the rear of them. Mr. Benson testified that he found on the concrete walk under a plank a quart bottle; that he found a basket of empty bottles in the back room; that he smelled of these bottles, and they had the odor of moonshine whisky. The quart bottle was marked Exhibit D. Mr. Vitala, one of the prohibition agents, testified that he made a thorough search of the store and premises, and found on a shelf in the store a pint bottle containing about an ounce of moonshine whisky, marked Exhibit B, and three or four empty bottles; but this Exhibit B was the only one that had enough in it to pay any atten-

tion to. He further testified that he found a glass on the top of the refrigerator in the store, which was marked Exhibit C; that he made a thorough search of the premises and of the refrigerator, but found no other glass; and that the bottles had the odor of moonshine whisky. Mr. Benson also testified that at the time of the search he asked the defendant about the pint bottle that Vitala found, and that he said that he did not know anything about it; that he asked him about the other bottles, Exhibit D, and the glass, and he said that he did not know anything about the moonshine whisky; and that he also said that he just kept the glass there.

Upon the testimony which has been recited, Exhibits B, C, and D were used in evidence at the trial to convict the defendant. The latter testified in his defense that he did not know anything about the bottle marked Exhibit D; that it did not belong to him, and he never saw it before it was shown to him; that Vitala brought bottles from the back room, which he supposed he took from the empty bottles in the basket there and drained them into the bottle marked Exhibit B. Two other witnesses testified that they saw the man who searched the place drain these old empty bottles into the bottle marked Exhibit B. The substance of the evidence on which the defendant was convicted on the first count of this information has now been recited, and it leaves no doubt that the primary cause of his conviction was the introduction in evidence of the Exhibits B, C, and D, and the testimony concerning them, all of which was procured by the use of the search warrant with which the prohibition agent, Benson, had armed himself.

[1, 2] That warrant was based on the complaint of Mr. Benson, verified December 1, 1922, before a United States commissioner for the district of Minnesota.

"A search warrant cannot be issued but upon probable cause, supported by affidavit, naming or describing the person and particularly describing the property and the place to be searched." Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼c.

"The affidavits or depositions must set forth the facts tending to establish the grounds of the application or probable cause for believing that they exist." Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼e.

The probable cause, indispensable to the lawful issue of a search warrant under these sections of the act of Congress, is the legal conclusion of the magistrate from the facts

stated in the affidavits, depositions, or testimony. Without a statement in those affidavits, depositions, or testimony of facts sufficient to sustain such a conclusion, the search warrant may not lawfully issue. The statement of the sustaining facts showing probable cause is as indispensable to the lawful issue of a search warrant as the legal conclusion that such cause exists. When the facts on which the magistrate's conclusion of probable cause is based are not stated in the affidavits, depositions, or testimony on which that conclusion rests, the warrant cannot be sustained, because there is no criterion by which a court can determine whether or not there were facts showing probable cause, and the unavoidable legal conclusion is that there were not. United States v. Kaplan (D. C.) 286 F. 963, 969; United States v. Harnich (D. C.) 289 F. 256, 258, 259; United States v. Kelih (D. C.) 272 F. 484, 488; Ripper v. United States, 178 F. 24, 26, 101 C. C. A. 152; United States v. Pitotto (D. C.) 267 F. 603, 604; Veeder v. United States, 252 F. 414, 416, 418, 420, 164 C. C. A. 338; Central Consumers' Co. v. James (D. C.) 278 F. 249, 253; United States v. Ray & Schultz (D. C.) 275 F. 1004, 1005, 1006.

[3] The facts stated in the verified complaint of Mr. Benson, on which this search warrant was issued, were: "That he has good reason to believe, and does believe, that intoxicating liquor is being sold, and the National Prohibition Act is being violated," by the defendant at the clothing store located at 705 West Superior street, Duluth, Minn. "The belief of this affiant is founded on the following facts: That he has an affidavit hereto attached, by one Herman Miller, that on the 19th day of November, 1922, he purchased intoxicating liquor in said place." Miller stated in his affidavit, attached to the complaint of Benson, that on November 19, 1922, he bought of the defendant at 705 West Superior street, Duluth, three drinks of moonshine whisky, and that the said liquor was and still is kept on said premises for sale. The belief of Mr. Benson that he had reason to believe and did believe that liquor was being sold by the defendant was not a fact showing probable cause for a magistrate to find or adjudge that he was so doing. It was only a thought or guess of Mr. Benson.

Nor did the isolated fact that Mr. Miller bought three drinks of moonshine whisky from the defendant at the clothing store on November 19, 1922, establish probable cause to believe that on December 1, 1922, the defendant was unlawfully in possession of intoxicating liquor at that place, and his affidavit states no other facts tending to establish such probable cause. If the affidavits on which the search warrant was based had disclosed the fact that this clothing store was a place where substantial quantities of intoxicating liquors apparently for sale were kept, or a place where a saloon or place of sale of intoxicants had been or was maintained, and where several sales had been made by the defendant, the commissioner's finding of probable cause might possibly have been sustained. But the facts disclosed by the affidavits on which this search warrant rests are altogether too scant and inconsequential to warrant the legal conclusion of probable cause or the issue of the warrant, and the result is that its issue was unwarranted and illegal, and it failed to qualify the Exhibits B, C, and D, and the testimony concerning them, for admission in evidence against the defendant.

[4, 5] There is another reason why those exhibits and the evidence concerning them was incompetent and fatal to the judgment on the first count of the information. Section 10496¼j, Comp. St. 1918, Comp. St. Ann. Supp. 1919, provides that: "The judge or commissioner must insert a direction in the warrant that it be served in the daytime, unless the affidavits are positive that the property is on the person or in the place to be searched, in which case he may insert a direction that it be served at any time of the day or night." The complaint of Mr. Benson, upon which the search warrant was issued, contained no direct or positive statement that the intoxicating liquor alleged to be in the possession of the defendant was on his person or in the place to be searched, or that it was being sold there. It went no farther than to state that he believed that it was being sold on December 1, 1922, at the clothing store, because Miller made an affidavit, which was attached, that he bought three drinks of the defendant at that place on November 19, 1922. Miller's affidavit is that he bought three drinks of white moonshine whisky at that place on November 19, 1922, and that the said liquor then was, and still was on December 1, 1922, kept on the premises for sale. This statement, literally and logically, is that the drinks he bought there on the 19th of November, 1922, were and continued to be kept for sale on those premises. He probably intended to testify that other liquor than the drinks he bought was so kept. He did not, however, positively state the latter. His statement was equivocal, ambiguous, and, when taken to-

gether with Benson's complaint, they did not constitute, as required by the statute, positive statements that the property was on the person or in the place to be searched.

The statute reads that the commissioner in such cases "must insert a direction in the warrant that it be served in the daytime." The commissioner, however, inserted in the warrant in this case the declaration that "this warrant shall be served in the daytime or nighttime," and it was served and the search under it was made in the nighttime. A service of a warrant and a search thereunder in the nighttime, when the warrant is not supported by an affidavit which states positively that the property is on the person or in the place to be searched, is unauthorized and illegal, and renders the evidence procured thereby incompetent. United States v. Borkowski (D. C.) 268 F. 408, 409, 410, 411; United States v. Yuck Kee (D. C.) 281 F. 228, 231; United States v. Kaplan (D. C.) 286 F. 963, 970. The result is that the Exhibits B, C, and D, and the testimony concerning them, were not competent evidence against the defendant, because they were procured by means of an illegal search warrant, which was served and executed in violation of the act of Congress. [6-8] The abstract of the testimony which is presented with the motion also strongly indicates that the defendant ought not to have been convicted upon the first count of this information. There seems to have been no testimony or evidence that the principal Exhibit D, the quart bottle on which the conviction of the defendant on the first count of the information was chiefly based, was ever owned or in the possession of the defendant. It was not found on his premises, he testified it was not his, and that he had never seen it until after Mr. Benson found it concealed under a plank in the common passage back of his premises, carried it into his clothing store, and showed it to him. There was a legal presumption that the defendant was innocent of each of the charges in the information against him until he was proved to be guilty beyond a reasonable doubt. The burden was upon the government to make this proof. Where all the substantial evidence is as consistent with innocence as with guilt, it is the duty of the appellate court to reverse a judgment of conviction. Vernon v. United States, 146 F. 121, 123, 124, 76 C. C. A. 547; Union Pacific Coal Co. v. United States, 173 F. 737, 738, 97 C. C. A. 578; Willsman v. United States (C. C. A.) 286 F. 852, 856; Sullivan v. United States (C. C. A.) 283 F. 868. A

consideration of this case, and all the evidence, facts, and circumstances presented to us concerning it, have satisfied that the judgment on the first count of the information ought to be reversed, and that on the second count ought to be affirmed, and that the case ought to be remanded to the court below for further proceedings consistent with this conclusion.

It is so ordered.